MELL BOWEN, Appellant, v. FIRST NATIONAL BANK OF THORN-
TON, Appellee.

**BAILMENT:** Ordinary Care—Immaterial Evidence. On the one issue
1  whether a gratuitous bailee (a bank) exercised ordinary care in the
safe-keeping of government bonds, evidence that the bailee informed
the bailor, when the bailment was made, that the bank carried in-
surance to protect its customers, is immaterial.

**APPEAL AND ERROR:** Harmless Error—Evidence of Party's Belief.
2  Evidence of a party's belief that a safe was a more secure place in
which to keep bonds than a near-by vault, is harmless when all the
facts bearing on the issue of care are fully before the jury.

**BAILMENT:** Ordinary Care—Evidence—Failure to Provide Watchman.
3  Record reviewed, and held that evidence tending to show that a
bank failed to provide a watchman for its bank was properly ex-
cluded, on the issue of the care of the bank in guarding articles on
deposit in the bank.

**BAILMENT:** Ordinary Care—Evidence. On the issue whether a bailee
4  (a bank) exercised ordinary care in safeguarding bonds by placing
them in a safe instead of in a vault, a bank official may be per-
mitted to testify that, for greater safety, he removed his own bonds
from the vault and placed them in the safe.

Headnote 1:  7 C. J. p. 643.  Headnote 2:  4 C. J. p. 998.  Headnote 3:
7 C. J. p. 643.  Headnote 4:  7 C. J. p. 643.

*Appeal from Cerro Gordo District Court.*—M. H. KEPLER, Judge.

JUNE 25, 1925.

ACTION to recover the value of government bonds deposited
with the defendant bank and stolen therefrom. Verdict and
judgment for the defendant. Plaintiff appeals.—*Affirmed.*

*Robinson, Boomhower & Moe,* for appellant.

*D. W. Telford, F. A. Ontjes,* and *J. E. E. Markley,* for
appellee.

ARTHUR, J.—I. Appellant deposited three unregistered

government bonds, on different dates, in the appellee bank for safe-keeping. The bonds were kept in an iron safe in which the bank's cash was kept, with other bonds and valuable papers. Sometime after midnight, August 16, 1920, burglars entered the bank, blew up the safe, and stole the contents, including the bonds of appellant. The robbers were never apprehended, nor the bonds recovered.

Practically all of the assignments of error are based upon alleged erroneous rulings of the court in the admission and exclusion of testimony. Although there is a large number of errors assigned, we deem it necessary to refer specifically to only a few of them.

Appellant testified that the cashier of the bank informed him, at the time one or more of the bonds were deposited, that insurance was carried by the bank for the protection of government bonds left in its care for safe-keeping. The cashier testified that no insurance was carried by the bank, and denied that he ever informed appellant to the contrary. Counsel for appellant, in cross-examination of the cashier, sought to lay the foundation for impeachment by asking the witness if he had not told another party that the bank carried insurance. The objection to the question was sustained upon the theory that the testimony was immaterial and wholly outside the issues. Later, the court withdrew from the consideration of the jury all testimony relating to the subject of insurance. The delivery and the receipt of the bonds by the bank were admitted, and, to excuse its failure to return the same to appellant upon demand, appellee set up as a defense the burglary and larceny of the bonds, and that due care had been exercised for their safety. The case was tried upon the theory that the bank was liable only for its failure to exercise ordinary care for the safety of the bonds; and no claim was made by appellant that the bank received them upon any other terms than as bailee, for the accommodation of the appellant. No compensation was paid the bank, nor was any charge made by it for the services rendered. The duty of the bank was to exercise ordinary care for the preservation and safe-keeping of the bonds. *Kubli v. First Nat. Bank of Pleasantville,* 199 Iowa 194.

1. BAILMENT: ordinary care: immaterial evidence.

There was nothing in the contract between appellant and the bank to the contrary. If the bank in fact carried insurance which not only protected it against liability for larceny, but also provided for the payment of the bonds in question, it would, of course, have been a safer depository; but the mere fact that the cashier stated to appellant that the bank carried insurance for the protection of its customers who left government bonds in its care for safe-keeping, would not change the degree of care to be exercised by the bank. No issue based upon the alleged representation of the cashier that it carried liability insurance was tendered by appellant. We think the ruling of the court correct.

II. It appears from the record that the safe in which the bonds were kept was in the front room, and of easy access. The only other place for keeping bonds was a vault constructed of concrete and brick, and extending from the base-

2. APPEAL AND ERROR: harmless error: evidence of party's belief.

ment above the floor of the bank, and having a steel door in no sense burglar proof. Some of the officers of the bank testified that they placed the bonds in the safe because they believed it provided better protection against larceny than the vault. The safe was a large one, and of the usual construction of iron safes, having an inner case in which the bank's cash was kept. The explosion blew off the outside doors and destroyed the inner case, so that, as stated, the cash and other papers in the safe were stolen.

Appellant complains because the court permitted the witnesses to testify that the officers of the bank regarded the safe as more secure for the protection of property than the vault. The criticism is without merit, and the testimony could not, upon any theory, have been prejudicial. There was no dispute as to the care exercised by the bank. The facts were all before the jury.

III. On Saturday night preceding the larceny, some parties near the bank saw two men pass in an automobile, one of whom pointed his hand toward the bank. This occurred about midnight. There having been other bank rob-

3. BAILMENT: ordinary care: evidence: failure to provide watchman.

beries in the community, the suspicion of all of the persons present was aroused, and the cashier of the bank was called. He went to the

store where the parties were assembled, and was informed of the occurrence. The town of Thornton, where the bank is located, did not have a night watch; and appellant complains because he was not permitted to show that the bank did not heed the warning and provide a night watch in or about the building. The bank was robbed the following night; but no witness was able to identify the parties in the automobile, and the record is wholly barren of any fact or circumstances tending to show who the robbers were. The ruling of the court was clearly correct.

IV. One of the directors of the bank was permitted to testify that he removed government bonds from his private box in the vault and placed them in the safe. He testified that he made the transfer for greater safety. Other witnesses were permitted to testify that the safe was not burglar proof, and that all of the officers of the bank knew and understood that fact. It was incumbent upon appellee to show ordinary care upon its part in the preservation of the bonds. One method of making this proof was to show that the receptacle in which the bonds were kept, provided greater safety than any other place in the bank. There was no controversy in the evidence as to where the bonds were kept, the nature and character of the safe, or that it was in no sense burglar proof.

4. BAILMENT: ordinary care: evidence.

V. Many other rulings of the court are assigned as error. It is contended that appellant was limited too closely in the cross-examination of witnesses. We think this complaint not without merit. Too little latitude was allowed counsel in the cross-examination of some of appellee's witnesses; but it is scarcely conceivable that any actual prejudice resulted from the court's rulings. All of the facts pertaining to the bailment and the robbery were detailed by the witnesses. We do not deem it necessary to refer specifically to the other matters complained of. Suffice it to say that they are without substantial merit. We are satisfied that appellant had a fair trial.

The papers were kept in the receptacle in which the bank kept its cash; and, while the evidence may be somewhat lacking in fullness on the point, it fairly appears that the safe afforded better protection for the bonds than the vault. The

question of ordinary care was for the jury; and, since they found for the defendant, we discover nothing in the record to justify a reversal.—*Affirmed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.