ALBERT HENDERSON V. THE STATE.

No. 11178.   Delivered November 23, 1927.

1.—Possessing Equipment, Etc.—Search and Seizure—Valid Search Warrant—Must Be Shown.

Where, on a trial for possessing equipment, etc., for manufacturing intoxicating liquor, officers were permitted to testify that they made a search of appellant's private residence, without showing that a valid search warrant had been issued, authorizing the search, the case must be reversed.

2.—Same—Proof of Warrant—Must Be Made by State.

Before evidence secured by a search of the accused's premises can be admitted in evidence on his trial, the state must first prove that a valid search warrant authorizing the search had been issued, and the oral statement of the officer that they had a search warrant is not sufficient.

3.—Same—Continued.

Where, however, a warrant is produced authorizing the search of the premises, which warrant purports to have been issued by competent authority, and containing the recitals necessary, the burden of showing the illegality of the warrant or supporting affidavit is then on the accused, for the prima facie presumption is that the warrant is valid. See Chorn v. State, 298 S. W. 290, and other cases cited.

Appeal from the District Court of Cass County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for possessing equipment for the purpose of manufacturing intoxicating liquor, penalty one year in the state penitentiary.

The opinion states the case.

*Howard A. Carney,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing equipment for the manufacture of intoxicating liquor, punishment is one year in the penitentiary.

When the state placed officers upon the witness stand and proposed to prove by them what they found in appellant's private residence as a result of a search, objection was interposed on the ground that the state had not shown that the officers had a valid search warrant. The District Attorney then asked the witness if they had a search warrant to which question the objection was made that the warrant was the best evidence. Upon further inquiry by the District Attorney, still over objection, it developed that the officers did not have the warrant with them at the trial but thought it was in the office of the justice of the peace. Without further effort on the part of the state to produce the warrant, or to show its loss and prove its regularity, the state was permitted to prove what was found by the officers in the residence, the evidence being criminative in its nature, over the objection that the state had failed to show that the witness had a valid search warrant.

We perceive nothing objectionable in the statement of the officer that they had a search warrant. This was proof only of the fact that they were in possession of a warrant. The real question is, having proved only that the officers had a search warrant, without any showing that it was regular on its face, had the state laid a sufficient predicate to permit evidence as to the result of the search? Our present statutes, notably Arts. 4a and 727a, C. C. P. (1925), place the receipt of evidence secured by search of a private residence somewhat on the same basis as the confession of the accused which is excluded by statute unless taken under certain conditions (Art. 727, 1925 C. C. P.), which requires a predicate to be laid by the state, which prima facie shows that the formalities have been complied with before the confession becomes admissible. Upon the exact point now before us we said in Chorn v. State, — Tex. Crim. Rep. —, 298 S. W. 290.

"There is much reason and authority for the claim that under our statute, where the state shows that the searching officer was possessed of a search warrant to search the premises of the accused for the purpose for which the search was made, *which warrant purported to have been issued by competent authority and contained the recitals requisite to show compliance with the legal requirements,* that evidence required as a result of the search would be admissible unless its receipt was opposed, not only by objection, but by proof that the supporting affidavit was

not in accord with the law.    In other words, the magistrate
having issued a warrant *showing on its face to be in accord
with the duty as a public officer, there would be prima facie
presumption of its validity.*    See Burtch v. Zuech, 200 Iowa, 49,
202 N. W. 542, 39 A. L. R. 3149; Cornelius on Search and
Seizure, Sec. 332, and authorities cited in Note 84."

The Supreme Court of Kentucky in Terrell v. Commonwealth,
244 S. W. 703, speaking upon the same subject, said:

"* * * if the search warrant is regular and sufficient in its
terms and upon its face and is issued by an officer authorized
by law to issue such writ, the same presumption respecting its
validity must prevail that is required by law to be accorded
any other process, civil or criminal, that is regular on its
face, * * *."

See also Adams v. Commonwealth (Kentucky), 246 S. W. 788.
In the absence of a showing that the warrant under which the
officers assumed to act in the present case was regular on its
face and contained recitals showing compliance with the legal
requirements, the learned trial judge fell into error in admitting
proof of the evidence complained of.

Appellant presents a further point that the evidence having
disclosed that parties other than appellant's family occupied the
house and premises jointly with him the rule of circumstantial
evidence was not met which requires it to exclude every rea-
sonable hypothesis save the guilt of accused.    It being necessary
to reverse the judgment because of the error discussed, and
because the evidence upon another trial may be different, we
think it unnecessary to consider or pass upon the question last
mentioned.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*