HOUSTON SKILES v. THE STATE.

No. 10312. Delivered February 8, 1928.

1.—Possessing Equipment, Etc. — Secondary Evidence — Of Search Warrant—Improperly Admitted.

Upon a proper predicate, showing loss and diligence, a search warrant may be proved by parol, and proof of the substance will suffice. The sufficiency of the predicate for the introduction of evidence obtained under a search warrant is for the trial court, and the production of a warrant, regular on its face, will be sufficient to justify the receipt of evidence of the result of the search, unless the accused show that the warrant was issued on an insufficient affidavit or otherwise rendered void. See Chorn v. State, 298 S. W. 292, and other cases cited. Also Wharton's Crim. Ev. (10th Ed.), Secs. 207-211.

**2.—Same—Continued.**

Where, however, the warrant is not produced, nor its loss or contents proven, it follows that no proper predicate was laid for the introduction of evidence showing the result of the search.   See Art. 727a, C. C. P., 1925.

Appeal from the District Court of Wood County.  Tried below before the Hon. J. H. Warren, Judge.

Appeal from a conviction for possessing equipment, etc., for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession of articles constituting equipment for the unlawful manufacture of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

The appellant's dwelling-house and outhouses connected therewith were searched by an officer claiming to act under a search warrant.  The warrant was not produced at the trial.  The officer testified that he did not have the search warrant at the time of the trial.  He did not know where it was, nor by whom it was issued, but said it was issued by either Judge French or Charley Goldsmith.  Quoting, he said:

"I do not know where it is now; it is either at Judge French's office or Charley Goldsmith's; we handle so many of those things I can't keep up with all of them."

The witness was unable to relate the contents of the warrant, and neither of the persons named by him as possessing it was called as a witness, nor is the failure to do so in any manner explained.  Upon a proper predicate showing loss and diligence, a search warrant may be proved by parol, and proof of the substance would suffice.  Wharton's Crim. Ev. (10th Ed.), Secs. 207-211; Chorn v. State, 298 S. W. 292; Gonzales v. State, 31 Tex. Crim. Rep. 508, 21 S. W. 253; Dudley v. State (Tex. Crim. App.), 58 S. W. 111.  The sufficiency of the predicate for the introduction of evidence obtained under a search warrant is for the trial court, and the production of a warrant regular on its face will be sufficient to justify the receipt of evidence of the result of the search unless the accused show that the warrant was issued on an insufficient affidavit or otherwise rendered void. Chorn v. State, supra; Henderson v. State, 11178, not yet reported.  In the present instance, the warrant was not produced, nor was its loss or contents proved.  It therefore follows

that no proper predicate was laid for the introduction of evidence showing the result of the search of the appellant's dwelling place.

Touching the guilt of the appellant, the evidence was conflicting. The state's evidence was to the effect that whiskey was on the premises, while that of the appellant was to the contrary. A tank and a part of a coil were found on the premises, which the sheriff denominated as a still. There was also a substance which the sheriff called mash and which the appellant declared to be food for his hogs. The testimony of a doctor was to the effect that he had recommended whiskey for the wife of the appellant; that she was ill and in need of stimulants. Appellant claimed that the tank and coil were not used for making whiskey, but that he intended at some future time to use them for that purpose in making whiskey as medicine for his wife.

We will add that such evidence as was adduced touching the affidavit for the search warrant showed that it was issued on information and belief without stating the grounds of belief.

A discussion of the numerous bills of exceptions found in the record is not deemed necessary further than to say that they are sufficient to present for review the ruling of the learned trial judge in refusing to exclude the testimony of the officer showing the result of the search of the appellant's dwelling. Under the circumstances shown in the record, the testimony mentioned was rendered inadmissible by Articles 4a and 727a, C. C. P. 1925.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*