RUDOLPH ROŽNOS V. THE STATE.

No. 11555.  Delivered May 23, 1928.
Rehearing denied June 23, 1928.

*Chambers & Gillis* for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, one year in the penitentiary.

The only point presented for review is the alleged error of the trial court in refusing appellant time to consult and employ a lawyer. The testimony introduced on motion for new trial by the State with reference to this matter very briefly and in substance was that ap-

pellant was arrested under a complaint charging him with the offense for which he was tried, and made bond on July 27, 1927, to appear before the grand jury of Milam County on September 5, 1927; that the indictment in the instant case was returned into court on September 13, 1927, and appellant gave bond thereunder to appear September 19, 1927. The case was set for trial on September 17, 1927, for the following Thursday, September 22, 1927. It is further shown that appellant had told the Sheriff in July, 1927, that he did not intend to employ a lawyer, that he was going to handle the case himself; that two cases against him were called on the morning of September 22, and appellant was sent for and after his arrival at the courthouse the court adjourned at about 11:15 a. m. until 1:30 p. m.; that appellant appeared at 1:30 and represented himself on the first trial and was acquitted, and thereafter upon a trial in the instant case was convicted. The appellant was shown to be a Bohemian and unfamiliar with the English language and claims he did not know of the setting. The Court heard all the evidence on motion for new trial and it conclusively appears from such, we think, that appellant had not been refused time to consult and employ a lawyer. Apparently he intended to represent himself. In fact the evidence practically shows without contradiction that appellant had ample time to prepare for his trial and refused to avail himself of it. The Court was not required under Art. 494, C. C. P., to appoint counsel, this not being a capital case. Pennington v. State, 13 Tex. Crim. App. 44; Brotherton v. State, 30 Tex. Crim. Rep. 369.

Subdivision 1, Art. 753, C. C. P., provides that a new trial in a felony case should be granted "where the defendant * * * has been denied counsel." There is not the slightest evidence in this case that appellant was denied counsel. On the other hand he had from July until September to arrange for counsel and even after his case was called on September 22, he had more than two hours to arrange for counsel, it being shown that there were fifteen practicing attorneys in the city of Cameron, where the case was tried, and that appellant lived near Cameron.

The evidence is sufficient to sustain the conviction and there being no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The statement of facts adduced on the hearing of the motion for new trial in this case has been again examined. There seems no doubt of the correctness of our former disposition of the case. Appellant is not shown to be unable to employ counsel; in fact the contrary appears. He is shown to have been in consultation with counsel shortly prior to this trial. He took chances on defending himself, and secured an acquittal in one case. He had every opportunity of obtaining counsel before going into this trial. We do not feel at liberty to reverse this case because, under these circumstances, he might not be able to properly preserve every error which might have been preserved by an attorney.

The motion for rehearing will be overruled.

*Overruled.*