FRANK ARNOLD v. THE STATE.

No. 11784.   Delivered May 25, 1928.
Rehearing denied June 23, 1928.
Second rehearing denied October 10, 1928.

The opinion states the case.

*Adams & McAlester,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The possession of intoxicating liquor for the purpose of sale is the offense; punishment fixed at confinement in the penitentiary for a period of five years.

Appellant conducted a grocery store and resided with his family in a four-room house adjoining the store and connected with it by a little hallway, as the evidence is understood. Possessed of a search

warrant, a deputy sheriff and three other officers searched the store and also the dwelling of the appellant. In the store they found a case of empty half-pint flasks, and in the dwelling they found six half pints of whisky in bottles, one quart bottle and some whisky in a gallon jug. On the day that the raid was made, the appellant left his home about nine o'clock in the morning and went to another town. He did not return until some hours after the raid was made. His wife, after doing her house work (cleaning rooms, etc.), went to see her dressmaker at another town, leaving about eleven o'clock and returning about thirty minutes before the raid took place. In the absence of the appellant, the store was conducted by his brother, Monroe Arnold, who was present at the store at the time of the raid. All of these, that is, the appellant, his wife, and his brother, testified that they had no knowledge of any whisky upon the premises. The appellant and his wife testified definitely that there was no whisky there at the time of their departure, and none at the time the appellant returned.

It was the theory of the appellant that if any whisky was found by the officers it was placed there by his cousin, Bernice Barker. It seems that Barker, who resided in Louisiana, had been visiting the appellant for some two or three days and had been drinking. According to Monroe Arnold, on the day of the raid, Barker came to the store under the influence of liquor and told him that he had some liquor and asked that he be permitted to leave it in the store. Arnold refused to consent to this, and Barker left, going through the dwelling. Arnold supposed that Barker would take with him any whisky that he had. Arnold testified that he knew of no whisky upon the premises. A witness, who was engaged in hiring Ford cars, testified that Barker, on the evening after the time of the raid, came to the witness apparently in his "cups" and asked to rent a car. The witness refused but finally conveyed Barker to a railway station, he stating that he was in trouble and wanted to go home.

The receipt of the testimony of the three officers who searched the store and dwelling of the appellant to the effect that they saw six pints of whisky and some in a gallon jug in the dwelling of the appellant was opposed upon the ground that the search warrant under which they acted was illegal and unauthorized in that it was not predicated upon an affidavit setting forth the facts showing probable cause. In qualifying the bills, the court states that one of the officers testified that the whisky was seen by him before entering the residence. Our reading of the statement of facts leads to

the conclusion that the receipt of the testimony could not be upheld upon that ground. It appears perfectly clear from the evidence that the officers entered the store of the appellant for the purpose of searching it; that before entering it, a search warrant had been procured and that the warrant was in the possession of Garrison, who took with him for the purpose of making the search three other officers. They were all acting together, and told the parties in the house that they were acting under a search warrant. The dwelling-house and the store room were connected. The fact that while searching the store under the warrant one of the officers may have looked into the kitchen of the dwelling and there observed some whisky would not justify the search. They were on the premises by no authority save the search warrant. The case of Steverson v. State, 2 S. W. (2d) 453, is analogous. The bills of exceptions disclose the fact that the officers did possess a search warrant; that they acted under a search warrant in making the search; and that the discovery of the whisky was the result of the search. However, the bills fail to show that the search warrant was illegal or informal or that the affidavit supporting it was lacking in any of the requisites which the law demands as a predicate for the issuance of a search warrant. Such requisites are set out in the statutes cited in Chapin's case, 296 S. W. Rep. 1095. The appellant objected to the evidence mentioned "for the reason that the search warrant was issued upon an affidavit based solely upon information and belief, stating no facts as a ground for the belief." As the bills appear in the record, this is merely a part of the *objection* made. In order to support the objection, it would be essential that the record show that in fact the search warrant was issued upon an insufficient affidavit. Such fact could be shown by making the affidavit a part of the bill or by referring to it in the statements of facts if contained therein, or by a certificate of the judge who tried the case that the affidavit was based upon information and belief alone. However, in the present instance, there is not set out in the statement of facts or otherwise, the affidavit or the search warrant, and this court is informed alone by the recitals in the objection made that the appellant claims the affidavit to be insufficient and the search warrant therefore unauthorized. The ruling of the court implies that the grounds were not tenable. It has often been held that the grounds of objection are not an adequate substitute for a certificate of the judge that the grounds are based upon facts. See Wallace v. State, 100 Tex. Crim. Rep. 499; Neeley v. State, 100 Tex. Crim. Rep. 76; Boyd v.

State, 100 Tex. Crim. Rep. 98; Gilliam v. State, 100 Tex. Crim. Rep. 67; McKee v. State, 100 Tex. Crim. Rep. 501; and other cases collated in Vernon's Tex. C. C. P., 1925, Vol. 2, p. 403; also Phillips v. State, 104 Tex. Crim. Rep. 308; Pierce v. State, 290 S. W. Rep. 1095; Watkins v. State, 102 Tex. Crim. Rep. 219.

Looking to the testimony in the present instance, the officers testified that they had a search warrant, and it appears from the evidence that the warrant was read or exhibited to the wife of the appellant and to his brother who were both present at the time the search was made. The rule has been stated, and is regarded as sound, that when the searching officer produces a search warrant, formal on its face and purporting to have been issued by an authorized magistrate, that one objecting to the result of the search upon the ground that the warrant was not based upon a proper affidavit, is charged with the duty of making proof of the contents of the affidavit, either by exhibiting it as original evidence or by secondary evidence as the circumstances may demand. Upon this subject, see Chorn v. State, 298 S. W. Rep. 290; Henderson v. State, 1 S. W. (2d) 300; Skiles v. State, 2 S. W. (2d) 436, and cases therein cited.

The court having received evidence of the result of the search, the presumption prevails that he did not receive it improperly. See Goree v. State, 293 S. W. Rep. 828; Arrendendo v. State, 106 Tex. Crim. Rep. 78. In an instance like the present, where the objection is that the affidavit supporting the search warrant was insufficient, this court must act upon the presumption mentioned unless the record exhibits in some authentic manner the contents of the affidavit, either in detail or in substance.

The remarks attributed to the appellant's brother when advised by the officers that they had a search warrant to search the premises wherein he said, "All right; go ahead and search," do not show that the search was authorized by consent. See Cornelius on Search and Seizure, Sec. 16; also Hall v. State, 288 S. W. Rep. 202.

The appellant having become a witness in his own behalf, it was not incompetent to prove for the purpose of impeaching or discrediting him that he was charged by complaint, information or indictment with the commission of a felony or offense imputing moral turpitude. The bills complaining of the introduction of such testimony are without merit. See Lights v. State, 21 Tex. Crim. App. 313; and other cases cited in Branch's Ann. Tex. P. C., Sec. 167; also Underhill's Crim. Evidence, 3rd Ed., sec. 387.

The bill of exception complaining of the rejection of proof of the declaration of Bernice Barker that he had left six or eight pints of whisky and a jug in the side room leading from the house to the store does not present error. The testimony was properly excluded as hearsay. The declaration was made to a third party after the search, and is brought within none of the exceptions to the rule excluding hearsay statements.

There was testimony in the record from Dick Lazarene that he purchased from the appellant some six months before the date of the present offense some fifty or sixty gallons of whisky. The bill complaining of the fact that the county attorney has asked the appellant how much whisky he had sold to Lazarene and if he did not know that he had sold him fifty-six gallons, is not deemed to present error. If the appellant had possesed fifty or sixty gallons of whisky and sold it to Lazarene, the sale was admissible as bearing upon the intent with which the whisky was possessed. The complaint of the receipt of the testimony of Lazarene to the effect that he did buy from the appellant a quantity of whisky was not subject to the objection made that it exhibited an extraneous offense. According to Lazarene, the transaction took place within the period of limitation, and it was competent for the State to rely upon it in support of the averment in the indictment charging the appellant with the possession of intoxicating liquor for the purpose of sale. The State having introduced evidence of more than one transaction within the period of limitation it is possible that *upon request* it would have been forced to elect as between the transactions. The testimony of Lazarene to the effect that in his dealings with the appellant, who claimed to be a revenue officer and received compensation from Lazarene for protecting him in illicit dealings in intoxicating liquor, is not deemed to have been inadmissible as proving an irrelevant and extraneous offense. It was competent and relevant evidence upon the issue introduced by the State to the effect that the appellent has possessed a quantity of whisky and sold it to the witness Lazarene. It bore upon the intent with which he possessed the whisky, if in fact, the jury believed the testimony of the witness Lazarene to be true. The issues of fact were submitted to the jury in a charge of which no complaint is made. The charge submitted in an affirmative way the only defense which the appellant interposed, which was that the whisky found in his dwelling was there without his knowledge or consent. The jury was instructed that if the evidence raised

in their minds a reasonable doubt upon that subject to resolve it in favor of the appellant and acquit him.

Finding no error presented for review which warants a reversal, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his complaint of what the officers found upon their search of his house. The complaint appears in bills Nos. 1, 2 and A. Many apt authorities are cited in our former opinion holding that no matter how strongly stated in a bill of exceptions be the objection urged to any matter deemed objectionable, the facts supporting such objection and making it well taken,—must be set out in the bill itself. No such facts appear in any of the bills referred to. The grounds of objection are stated in each, but the trial judge, with the facts before him, may have known there was no foundation in fact upon which any such objection could rest. Under all the authorities we presume the correctness of official acts until the contrary is shown. The contrary is not shown in matters of this kind merely by a statement of the objections in the bill. We have read appellant's brief, have examined the propositions A, B and I, but the force of the brief and the logic of appellant's counsel in his argument, can not make up for the absence of facts in the bill of exceptions.

The motion for rehearing will be overruled.

*Overruled.*

### ON SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In reference to appellant's application for leave to file second motion for rehearing, we observe that we find nothing in the application upon which could be predicated the proposition that we overlooked any point raised by the appellant either upon the original presentation or in asking for a rehearing. We observe that a bill of exceptions which sets out merely that certain proceedings were objected to for the following reasons,—even though it then proceeds to name one or a hundred grounds of objection, stating such things as the grounds of objection, and even though such statements may be true,—still unless the truth of such statements be authenticated in the bill itself by some other way or means than the statement of them as objections, we can not know

such grounds of objection to be true, and can not consider such a bill. The authorities appear unanimous in so holding. Such is the case here. ·

The application for leave to file second motion for rehearing will be denied.

*Denied.*