DUG HUNTER v. THE STATE.

No. 11931. Delivered November 7, 1928.
Rehearing denied January 9, 1929.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor; punishment, two years in the penitentiary.

Briefly stated, the facts show that the city marshal and a policeman of the town of Sulphur Springs were walking in an alley in said town, in the rear of appellant's house. They heard loud talking in said house. The space between the house and alley was open. The officers approached the house and observed through a window a group of men. They heard appellant state to the men the price of a pint of whisky, and also of three drinks of whisky, and heard him tell them that he had whisky for sale any time they came by. The officers waited and when the said group of men came out of the door the officers endeavored to apprehend them. One of the men threw down a container of whisky. The party made their escape. The officers went at once and sought the sheriff and accompanied by him went to a magistrate who issued a search warrant. The sheriff and

the two city officers went back to appellant's place and upon search found two pint bottles of whisky in a closet in said house. Appellant introduced no testimony.

Three bills of exception appear. Bill No. 1 sets out that the State introduced the testimony of the city marshal showing a search by him of appellant's residence and of the finding therein of two pints of whisky. As authorizing the introduction of such testimony and as a predicate for same, the State introduced a search warrant which is set out in the bill. To the testimony of the city marshal appellant objected because the search warrant was not sufficient to authorize the introduction of such testimony, and, second, because no predicate had been laid authorizing such testimony. As we understand this bill of exceptions, it seems based largely on the proposition that a warrant issued to the sheriff or any constable would not authorize a search by the city marshal. We discuss the matter no further than to say that the sheriff of the county was present when the warrant was issued and was present when the search was made, and himself made the return upon the search warrant, certifying that he had made the search. We think the bill of exceptions presents no error.

Bill No. 2 sets out appellant's objection to the introduction of the search warrant because, first, not based on probable cause, second, that no facts were set forth in the complaint which would authorize the issuance of the warrant, and, third, that the affidavit for search warrant stated concrete facts which amount to nothing more than conclusions of fact by the makers of the affidavit, and in this bill is also again restated appellant's objection to the reception of the evidence of the officer. The bill is qualified by the statement of the trial judge that the warrant in question was addressed to the sheriff, and that the sheriff was present and accompanied the city marshal at the time of the search and executed the search warrant. The affidavit upon which the search warrant was issued is not made part of the bill, but as far as we can appraise from the contents of the search warrant, the statements in the affidavit seem to be amply sufficient and to present facts within the knowledge of the affiants and was not made upon information or belief.

Bill of exceptions No. 3 presents appellant's objection to the testimony of the city marshal as to what was observed by himself and the policeman prior to their obtaining the search warrant. We perceive no error in the matters contained in this bill. The officers heard loud talking in appellant's house. Statements in the quali-

fication to this bill set out what was heard by the court out of the presence of the jury in his investigation of what was actually involved in the officers' action, and same show that the officers had had much trouble from various angles with the conduct of appellant's place, but we do not think a review of these statements of the court in his qualification necessary to a proper disposition of appellant's complaint. What the officers did in observing through said window was not in violation of any law, and the testimony obtained by the exercise of their physical senses, viz.: the sense of sight and sense of hearing, seems to us obnoxious to no rule of evidence. We are cited to no authority and know of none holding such evidence wrongfully obtained. Mr. Underhill in Sec. 746 of his work on Criminal Evidence, lays down the proposition that testimony obtained by the use of the sense of sight or hearing is admissible. The facts seem ample to support the conviction. The statements heard by the officers, coupled with the conduct of appellant and that of the men who came out of his place with a container having whisky in it, appear ample to support the judgment of guilt if predicated upon that transaction. So also if guilt was predicated upon the possession of the bottles of liquor found upon the execution of the search warrant.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant predicates his motion on the assumption that we misconceived the point presented by bill of exception No. 1 and improperly disposed of the question raised by bill of exception No. 2. It is apparent from the record, as well as from the qualification to bill of exception No. 1, that the sheriff to whom the search warrant was directed and the City Marshal were acting together, both being present, when the search was made. Under the circumstances we see no merit in appellant's contention that the City Marshal would not be permitted to detail the results of the search because the warrant was directed to the sheriff.

Bill of exception No. 2 sets out the search warrant under which the officers acted. The warrant appears regular. The recitals in it do not disclose any irregularity or defect in the affidavit upon which the warrant was based. The affidavit is not brought before us. The state exhibited the warrant as a predicate for admitting the officers' evidence as to the discoveries of the search. It is recited in said bill of exception No. 2 as appellant's grounds of objection

to admitting such evidence (a) that the search warrant was not based on probable cause and that no facts were set forth in the affidavit that would authorize the search warrant to issue, (b) that if permitted the affidavit would have been impeached by the officers who made it, (c) that the warrant was not based upon a valid complaint under the law. Manifestly this court is in no position to pass upon any claimed defects in the affidavit without having it here for inspection, therefore the matters claimed to be defects can be regarded as grounds of objection only as they appear in the bill under consideration. Where a search warrant is regular on its face, (as it is here) the burden is on him who seeks to exclude the evidence obtained thereby to show that the affidavit upon which the warrant issued was defective. Henderson v. State, 1 S. W. (2d) 300; Skiles v. State, 2 S. W. (2d) 436; Arnold v. State, 7 S. W. (2d) 1083; Chorn v. State, 107 Tex. Cr. R. 521, 298 S. W. 290. It is further stated in said bill that appellant offered to prove and could have proven by the officers that the things stated by them in the affidavit as unequivocal facts amounting to probable cause were really based on information and belief only. It has been held in Ware v. State, 7 S. W. (2d) 551 and Bird v. State, 7 S. W. (2d) 953, that such an attack on the affidavit as was here attempted is not permissible. The reasons are fully stated in the opinions referred to.

The motion for rehearing is overruled.

*Overruled.*