J. C. SCHENK v. THE STATE.

No. 12049.   Delivered November 28, 1928.
Rehearing denied March 6, 1929.

88

The opinion states the case.

*Heyser & Hicks* of Wichita Falls, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The officers had a search warrant on the occasion in question but did not use it or refer to it in any way, as appears from the statement of facts. The affidavit for search warrant seems to have alleged that the occupant or possessor of the premises which the officers desired to search, was some person to the makers unknown, but the location of such premises was described. When the officers approached the premises in question they saw a woman come out of an out-building. They approached said building, and some of the officers went around it. The officers who went to the rear of this building presently came back accompanied by appellant. The sheriff testified that he had a conversation with appellant at this time. He said they had made no search of any kind before that. He asked appellant who he was and appellant told him. The sheriff said he asked appellant who was running that place there and appellant said he was not. The officer asked him who it belonged to and he said "Bill," and the officer asked him Bill who, and he said Bill Brown. In response to the officer's question as to where Bill Brown was, appellant said he had just left. Appellant told the officers that he owned the milk shed, the cows and the garage, and that he lived in the house. The sheriff said he asked him what was in the house and

he said nothing but household goods, furniture and the like. The officer further testified that at this juncture he asked appellant if he had any objection to their looking over the premises, to which appellant replied, "No, go ahead, you wouldn't find anything except household goods." Following this the officers searched the premises. They found nothing in the house save household goods, kitchen furniture, etc., but about fifteen feet from the back. door they perceived that the ground had a sort of hollow sound and upon digging there they found 216 half gallon jars of whisky. This point was about fifteen feet from the back door. They also found in the garage 24 half gallon jars of whisky, and in the shed from which they had seen the woman come they found a still in operation. It was fired up and running whisky at the time. The officers also found 65 or 66 gallons of whisky and 12 barrels of mash in the little house where the still was. The officers testified that they tried to locate some man named Bill Brown and made inquiry and search for him but could not find him.

There are a number of bills of exception in the record, but it is our purpose to discuss only those that are briefed by appellant. The first complaint is that the court erred in permitting the sheriff to testifiy before the jury that he had a search warrant, it having been admitted and determined by the court in the absence of the jury that the search warrant and affidavit were invalid and void. We perceive no possible injury in this. No stress seems to have been laid by the court in submitting the case to the jury upon said warrant. The entire theory of the State in the trial was that the search was made with the consent of appellant, and there being some controversy in testimony on this point, the court submitted to the jury the question as to whether it was made with appellant's consent, and instructed them not to consider any of the testimony as to what was found, and also to acquit the appellant if they found that the search was not made with his consent. Appellant cites Henderson v. State, 1 S. W. (2d) 300. If we understand that authority, it holds against appellant's contention. The mere statement of the officer that he had a search warrant is there upheld as not objectionable.

Appellant contends that it was reversible error for the trial court to refuse to give his special instruction to the jury to acquit upon the ground that there was not sufficient evidence to show waiver of objection to the search. It will be noted that at the time the search was made there was no statement to appellant by the officers of the fact that they had a search warrant, and it can not be contended that

those authorities holding that persons who are informed by the officers that they have a search warrant, who make no objection upon such information, but tell the officers to go ahead,—are applicable. Quite the contrary. No good citizen is supposed to resist an officer who he is led to believe is armed with legal authority to search his premises. We have here, however, a very different state of facts. The officer goes to the place and is informed by the appellant that certain buildings are owned by another party, but that he, appellant, occupies the house and garage, and the officer asks the accused if he may look around over the premises and is told by the accused to go ahead, they will find nothing there but household goods.

There is some complaint of reception of the testimony as to what appellant said to the sheriff, the ground being that he was then under arrest. We see nothing in this contention. A few yards from where appellant was standing there were 216 half gallons of whisky buried in the ground, and a little further away there was a garage in which there was a large quantity of whisky, and near by was a shed in which a still was operating manufacturing whisky, and in which shed there was mash and equipment and sixty odd gallons of whisky. We are of opinion that the statements made by appellant were res gestae of the transaction and were therefore admissible.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is strongly argued that appellant was under illegal arrest at the time he gave consent to the officers to search his premises and such being the case that the court below should have held, and this court ought to hold, as a matter of law that consent so obtained was involuntary, given under duress and was not a waiver. Reliance is had upon bills of exception four and seven as showing that appellant was under arrest when he consented to the search. We find it unnecessary to pass upon the legal question presented because the bills mentioned are insufficient. Bill number four contains a recital that "while the defendant was under arrest" the sheriff asked him "if he had any objection to us looking over the premises," to which defendant replied, "No, go ahead, we wouldn't find anything except his household goods." Assuming that this bill shows by recitals therein that appellant was under arrest it is wholly insufficient in failing to set out what discoveries were made by the officers claiming to act under consent so given. Therefore no injury to appellant is manifest from the bill itself. It has been

universally held that a bill must within itself manifest the error complained of. (See cases cited under Sec. 207 Branch's Ann. Tex. P. C.) The same defect pointed out in bill four is also found in bill number seven.

Appellant urges that the charge given upon the issue whether he consented to the search was insufficient to advise the jury upon the law in that particular. In addition to the instruction upon that subject in the main charge the court gave the following special charge.

"You are further instructed that the word 'consent' is an agreement to do something proposed but such proposal and acceptance must not be done under compulsion or fear, but must be an open agreement to do the thing proposed by both parties, or all concerned." In our opinion this special charge taken in connection with the general instruction upon the subject amply informed the jury as to the law controlling the question of consent.

Appellant calls attention to a bill of exception wherein he complains because the court would not permit him to ask the jury whether they believed the search and seizure law was a good law, and should be enforced, and should be complied with by the officers, and a number of other similar questions. We can readily comprehend if an officer was being prosecuted for violating the provisions of that law as contained in Arts. 4a and 4b, C. C. P., inquiry as was here sought to be made might not be improper, but we fail to grasp the relevancy of such proposed investigation in a case like the present. The search and seizure law as applied to appellant's case related only to whether evidence should or should not be admitted. This ordinarily is a question of law to be determined by the trial judge with which the jury has no concern. The search warrant in the present case was held invalid as a matter of law; neither it nor the affidavit upon which it issued went before the jury. The evidence as to the result of the search was admitted upon the theory that appellant consented thereto. Appellant did not testify but his wife's evidence raised an issue of fact upon the question of consent which issue was left to the jury under proper instructions. In our opinion the bill presents no error.

The motion for rehearing is overruled.

*Overruled.*