C. E. WILSON v. THE STATE.

No. 13458. Delivered June 18, 1930.
Rehearing denied October 22, 1930.
Reported in 31 S. W. (2d) 647.

The opinion states the case.

*Art Schlofman* of Dalhart, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Operating under a search warrant, officers found in the residence of appellant three one-half gallon jars and two pint bottles full of whisky, four pieces of rubber hose about three and a half feet long capable of being used for syphoning liquor out of barrels and kegs, and five funnels. Also eight ten-gallon and four five-gallon wooden kegs and three three-gallon jugs, all with the odor of whisky in them. The whisky was found in a cupboard in the south room of the residence, the funnels on the south porch, the rubber hose, kegs and jugs in the garage.

The effect of the defensive testimony introduced by appellant was a denial of knowledge of the presence in his house of the whisky mentioned above. No bills of exception appear in the record. Several special charges were requested, some of which were given. The trial court seems to have fairly and fully presented all the issues arising from the testimony in response to appellant's exceptions and requested charges and we perceive no error in same, either of omission or commission.

Believing the evidence sufficient, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—There is no complaint by bill of exception of the ruling of the court upon the introduction of testimony. There are some exceptions to the court's charge, and seven special charges were requested. Three of them were read to

the jury and given to them for use in their deliberation. The others were refused. The substance of the charges that were refused is as follows: One was a peremptory instruction to acquit. It was properly refused. Another was an instruction that if the liquor was in the appellant's possession but was possessed for purposes other than for sale there should be an acquittal. Another was a charge requesting the submission of the law of circumstantial evidence. Another was an instruction to acquit if the liquor was possessed by the appellant for medicinal purposes. Except the charge on circumstantial evidence, these were fully cured by the main charge of the court.

It was shown without controversy that the whisky and other articles mentioned in the original opinion were at and in the dwelling-house of the appellant where he and his family lived. According to the testimony, he and his wife had gone to a place nearby to see some airplanes. Before the search was completed, one of the officers went to his home, at which he arrived before the search had been completed. Appellant introduced testimony from his wife to the effect that both he and she used whisky for medicinal purposes, and at times, had whisky on hand, but she did not know of the liquor found by the officers. There were circumstances detailed by the witnesses tending to show that the appellant was engaged in the sale of intoxicating liquor. There were other persons in the house who were visitors of the appellant's daughters, but the testimony shows that they did not bring the whisky upon the premises.

It is believed that the evidence justified the court in declining to instruct the jury upon the law of circumstantial evidence.

The motion is overruled.

*Overruled.*

Hawkins, J., absent.