## B. C. Taylor v. The State.

No. 13419.   Delivered November 5, 1930.
Rehearing Denied April 27, 1932.

The opinion states the case.

*Forrest McCutcheon* and *W. E. Myers,* both of Fort Worth, and

*Newton P. Willis* and *Willis, Studer & Studer,* all of Pampa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful manufacture of intoxicating liquor; penalty, four years in the penitentiary.

Searching officers approached the house of appellant and stopped where he was shining the lenses of his car. From this point they looked into appellant's house a few feet away and saw a still. There was a fire burning under the still, which was connected with a gasoline pressure tank. The testimony was that these pressure tanks made considerable noise and the officers could hear them burning before they got to the automobile. When the officers first walked up, appellant said, "By God, it's pretty good; I haven't even got to make a run, and I get knocked over." The residence of appellant was searched. Whisky was found running out of the coil into a fruit jar. The officers in addition to a 200-gallon still in operation found also fifty-three barrels of mash and nine gallons of whisky.

Objection was made to all testimony of the searching officers touching what was found in the house because they were not armed at the time with a search warrant. A search warrant under the recited circumstances was not necessary. A felony was being committed within view of the officers. This fact gave to the officers the right of arrest, which always carries with it the right of search. The exact contention made here was answered in the case of Banks v. State, 112 Texas Crim. Rep., 119, 14 S. W. (2d) 281, in the following language: "One of the officers was at the back door, the other at the front, when they saw what has been detailed. One of them had walked on the gallery of the house; the other stood by the door on the outside. Neither officer had been guilty of any unlawful act. In Steverson v. State, 109 Texas Crim. Rep., 11, 2 S. W. (2d) 453, we said: 'If without unlawful acts on their part things described in article 690, P. C., came to view of the officers, from which it was apparent that a felony was being committed in their presence, then a seizure without a warrant of the things being used to violate the law would be authorized. Under proper circumstances, this course is authorized by article 690, P. C., and article 212, C. C. P., and has been sanctioned under the decisions of this court and the Supreme Court of the United States in many cases. See Agnello v. United States, 269 U. S., 30, 46 S. Ct., 4, 70 L. Ed., 148, 51 A. L. R., 409; Carroll v. United States, 267 U. S., 132, 45 S. Ct., 280, 69 L. Ed., 543, 39 A. L. R., 790; Marron v. United States (275 U. S., 192), 48 S. Ct., 74, 72 L Ed. (231); Hodge v. State, 107 Texas Crim. Rep., 579, 298 S. W., 573.' "

Moreover, the bills presenting this matter fail to manifest error in that they fail to affirmatively show the acts of the officers in approaching the

house to have been illegal. Whitfield v. State, 104 Texas Crim. Rep., 232, 283 S. W., 857.

Some forty minutes to an hour after the officers' arrival at the residence and while still in same, a conversation between the appellant and his landlord was admitted over objection, the substance of which was that the landlord told him he had rented him the premises for a dairy and he had set up a still, to which appellant replied that he would fix everything all right. Appellant was under arrest at the time. It is no longer an open question that the statements of an accused while under arrest, if res gestae, are admissible against him. Powers v. State, 23 Texas Crim. App., 42, 5 S. W., 153; Jones v. State, 111 Texas Crim. Rep., 172, 11 S. W. (2d) 798, 800. The res gestae rule has been so far extended from its original limits that each case must be decided with reference to its own particular facts. Precedents on the subject for this reason are of little value. We are inclined to the view that the above statements were res gestae under the particular facts of this case and if not, we do not regard them as of such harmful character as would demand a reversal. They relate to proof of a fact otherwise overwhelmingly shown by the evidence and uncontroverted in the record.

Nor do we think the court erred in refusing to charge on circumstantial evidence. See case of Wilson v. State, 116 Texas Crim. Rep., 299, 31 S. W. (2d) 647.

Bills of exception appear to certain arguments of the prosecuting attorney. We are of the opinion that the bills show no error. Their importance to the bench and bar do not seem to justify a consumption of time and space in their discussion.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., absent.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The motion stresses the contention of the appellant that the reception of the evidence of the officers showing the contents of the dwelling of the accused was error. In the appellant's four-room house there was a complete still in operation making whisky.

The evidence of the result of the search was opposed by the appellant upon adequate objection demanding the production of the search warrant upon which the officers acted. State's counsel said he would offer no search warrant and relied upon none to establish the legality of the search of appellant's residence. It was then developed from the state's witnesses that the officers walked up to within three or four feet of the appellant's private residence and found him out in the yard working on his automo-

bile. The witness looked into the room of the appellant's house and saw a negro therein who was sitting beside a still and apparently taking whisky therefrom and putting it into a jar. The witness Rhodes testified as follows:

"We were operating under a search warrant at that time; we had the search warrant, and we went there for the purpose of making a search, by virtue of that search warrant. Mr. Carter had the search warrant, and we went there to execute the search warrant. * * * And we were on the premises, within three or four feet of the residence when we looked in the room. I had no warrant for the arrest of the defendant at that time. * * * That was a private residence. He was in his yard brushing his automobile."

Carter gave substantially the same testimony as Rhodes, stating that when they first observed the appellant, he was in the yard brushing his automobile. From Carter's testimony we quote: "When I got up there the first thing I did was to hand him a search warrant. * * * I was armed with a search warrant when I went there."

From the record it appears that the district attorney for some reason did not produce the search warrant or any evidence of its contents. He relied upon what is known as "probable cause." It seems that the trial court likewise acted upon the theory that "probable cause" without a search warrant would authorize the search of a private residence. The unsoundness of such a view is manifest from article 1, section 9 of the Constitution of Texas, wherein it is said: "* * * And no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation."

The necessity for a search warrant to search a private residence and the conditions upon which the search may be made are set out in article 691, P. C., of this state. No right to search a private residence without a search warrant is found in the law, except when in such residence a felony is committed in view of the arresting officer under circumstances authorizing the arrest of the person committing the offense. See article 691, supra; also Chapin v. State, 107 Texas Crim. Rep., 477, 296 S. W., 1095; article 212, C. C. P.; Carroll v. United States, 267 U. S., 132, 45 Sup. Ct., 280, 69 L. Ed., 543, 39 A. L. R., 790; Hodge v. State, 107 Texas Crim. Rep., 579, 298 S. W., 573; Agnello v. United States, 269 U. S., 20, 46 Sup. St., 4, 70 L. Ed., 145, 51 A. L. R., 409.

In the present instance, the arrest of the appellant and the search of his residence can be upheld if the officers making the arrest and search were lawfully in the yard of the appellant's residence at the time of the commission of the offense described by them. If, however, they were in his yard unlawfully at the time they discovered the commission of the offense, the arrest of the appellant and the search of his residence cannot

be upheld, and the evidence of his guilt obtained by virtue of an illegal entry into his yard, would be inadmissible under the terms of article 727a, C. C. P. Since the entry into the appellant's yard and the consequent observation of the manufacture of whisky in his residence were obtained by virtue of a search warrant, the terms of the search warrant became of vital importance. If the search warrant was void on its face, the entry of the appellant's yard on the authority of the warrant was unlawful. If regular on its face, the entry of the yard thereunder would not be unlawful. Such is understood to be the holding of this court in the following cases: Banks v. State, 112 Texas Crim. Rep., 119, 14 S. W. (2d) 280; Steverson v. State, 109 Texas Crim. Rep., 11, 2 S. W. (2d) 453; Henderson v. State, 108 Texas Crim. Rep., 167, 1 S. W. (2d) 300.

In the present instance, the entry of the curtilage of the appellant's residence was made by the officers upon the authority of a search warrant in their possession. In entering the yard and going to the place from which they observed a still in the house, they avowedly were acting under the authority of the search warrant which was in their possession.

From the testimony of the officers, it also appears that before making any search they delivered the search warrant, or a copy of the same, to the appellant. The appellant opposed the reception in evidence of the discovery made by the officers, demanding as a predicate therefor, the introduction in evidence of the search warrant. Responding to this demand, counsel for the state introduced evidence, the effect of which was to show that the search warrant had been lost. The state also disclaimed reliance upon the search warrant as authority for the introduction in evidence of the criminating facts. If the state had relied upon the validity of the search warrant, it would have been incumbent upon it to show that the warrant was regular upon its face. See Henderson v. State, 108 Texas Crim. Rep., 167, 1 S. W. (2d) 300; Roznos v. State, 110 Texas Crim. Rep., 60, 7 S. W. (2d) 1082, 1083; Hunter v. State, 111 Texas Crim. Rep., 252, 12 S. W. (2d) 566; Skiles v. State, 109 Texas Crim. Rep., 6, 2 S. W. (2d) 436.

In each of the cases last mentioned, it is also shown that proof that the warrant is regular on its face casts upon the accused who opposes the introduction of the testimony of the officers showing their action under the warrant, the burden of showing that the warrant was irregularly issued or issued without sufficient authority. See Glenniwinkel v. State, 114 Texas Crim. Rep., 188, 21 S. W. (2d) 514; Humphreys v. State, 116 Texas Crim. Rep., 304, 31 S. W. (2d) 631. In such a case the burden of the state is discharged by proof of the regularity of the search wararnt upon its face; that is to say, upon such proof the predicate for the introduction of the result of the search or the action under the search warrant is prima facie sufficient. If the validity of the search warrant

is attacked upon the ground that the affidavit was insufficient, the burden is upon the accused. See Chorn v. State, 107 Texas Crim. Rep., 522, 298 S. W., 290.

When the appellant demanded the production of the search warrant as a predicate for the proof of the result of the search, counsel for the state declared that he did not possess the warrant and did not rely upon it as a prerequisite for the introduction of the evidence showing the result of the search. The evidence of the officers who arrested the appellant was introduced, in substance, the effect of which was that a search warrant had been issued by a magistrate and placed in their possession; that before the search of his premises, it was delivered to the appellant. As stated above, if the search warrant was regular upon its face, the *entry* of the appellant's premises would not have been illegal. That the appellant possessed a search warrant or a copy thereof was in evidence without dispute. That on its face the search warrant was regular apparently would be presumed. See Burtch v. Zeuch, 200 Iowa, 40, 202 N. W., 542, 39 A. L. R., 1349. If we are correct in assuming that the warrant was presumed to be regular on its face, unless the contrary is shown, and the appellant having possession of the warrant and thereby the means of rebutting the presumption if the facts justified it, he apparently was not in a position to complain of the reception of evidence which was obtained through a *legal* entry of his curtilage by virtue of a search warrant not shown to be void on its face.

The motion for rehearing is overruled.

*Overruled.*