## Montford v. Commonwealth.

(Decided October 17, 1922.)

### Appeal from Jefferson Circuit Court (Criminal Branch).

Criminal Law—Instructions—Transportation of Intoxicating Liquors.—Upon the trial of one charged with voluntary manslaughter, having killed a man engaged in unlawful liquor traffic, it was error to submit the question of the legality of the transportation of whiskey in which deceased was engaged without telling the jury what was an unlawful transportation. As the enforcement officer and his associates were not authorized to make the arrest without a warrant unless a public offense was committed in their presence, and none having been committed in their presence no

arrest was authorized, it follows that the submission of a legal
question was harmless error and the appellant was not prejudiced
thereby.

JOSEPH SALINGER and B. J. BETHURUM for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The indictment accuses appellant Montford of the
crime of voluntary manslaughter committed by killing
one Charles F. Lockard in April, 1922. Appellant was
a Federal prohibition enforcement officer regularly en-
gaged in finding and arresting violators of the Volstead
act, while Charles F. Lockard at the time of his appre-
hension and death was unlawfully engaged in liquor
traffic, and was at the time transporting a large quantity
of moonshine liquor in an automobile through the
streets of Louisville. He was under suspicion and when
the Federal officers saw him driving the car they or-
dered him to halt, and upon his failure to do so gave
chase by automobile. After pursuing deceased for some
distance they overtook and apprehended him. Appel-
lant Montford pointing a pistol at Lockard directed him
to get out of his car and throw up his hands, which he
did. Appellant's attention being called momentarily to
his automobile, deceased attempted to jump in his car
and run away but was stopped by appellant, who in-
formed deceased he would have to put handcuffs on him
if he did not behave. In attempting to put the hand-
cuffs on deceased, appellant holding a cocked pistol in
one hand, grabbed one of the hands of the deceased and
made more than one effort to fasten the handcuffs on
deceased, but the deceased avoided his efforts by moving
his arms. In the scuffle which ensued the pistol was dis-
charged, either purposely or otherwise, the ball striking
Lockard in the head and causing his death. There was
evidence for the Commonwealth tending to show that ap-
pellant deliberately took aim and shot deceased and that
the shot was not the result of accident or mere negli-
gence, while appellant and his witnesses gave evidence
to prove that the shot was accidental, resulting from the
wrongful act of deceased.

The court instructed the jury that if it believed from
the evidence beyond a reasonable doubt that appellant
unlawfully, feloniously and wilfully shot and killed

James T. Lockard with a pistol, a deadly weapon, or that he at said time and in said county handled his pistol in a wanton, reckless or grossly careless manner and said pistol was by reason thereof discharged, when the defendant knew that the same was dangerous to the life of said Lockard when used in the manner in which he was handling it, and the said Lockard was killed thereby, to find the defendant guilty of voluntary manslaughter. By the second instruction the jury was directed, if it believed from the evidence beyond a reasonable doubt that appellant within twelve months before the finding of the indictment, wilfully drew and pointed his pistol at Charles T. Lockard with no intention of shooting and killing said Lockard, and said pistol was discharged by defendant through the careless use or handling of said weapon by defendant, and said Lockard was shot thereby and killed, to find appellant guilty of involuntary manslaughter. The third instruction told the jury that appellant was a deputized officer of the United States Government, authorized to make arrests for violations of the prohibition laws, and if the jury believed from the evidence that at the time appellant arrested Lockard the said Lockard was engaged in the violation of the United States prohibition laws by *unlawfully* transporting liquor, and that such violation of the law was in the presence of the defendant Montford and that said Montford had knowledge of the same at the time, then he was authorized to and it was his duty to arrest the said Lockard, and if in so arresting him or in attempting to arrest him the said Lockard so acted as to give defendant Montford reasonable grounds to believe and he did in good faith believe that the said Lockard probably intended to resist the said officer by force or assault then the said defendant Montford had the right to present his pistol at the said Lockard, and it was lawful for him to do so for the purpose of intimidating the said Lockard, and if under such circumstances the said pistol was discharged without negligence on the part of the defendant, the jury should find him not guilty.

Complaint is made of the third instruction on two grounds: (1) that it submitted a purely legal question to the jury; (2) it failed to inform the jury that appellant was a deputized Federal officer and had the right to arrest Lockard *without a warrant* if he found him in the act of violating the prohibition laws. We think there is

some merit in the first contention, but none in the second, in as much as the instructions did tell the jury that appellant was a deputized enforcement officer. That part of the instruction which submitted the legal question, reads:

"If you believe from the evidence that at the time he (Montford) arrested the deceased Lockard the said Lockard was engaged in the violation of the prohibition laws by *unlawfully* transporting liquor, etc." This submitted to the jury the question of the legality of the transportation of whiskey in which deceased was engaged at the time of his arrest, instead of telling the jury what was an unlawful transportation of liquor. This part of the instruction should have read something like this: "If you believe from the evidence that at the time Montford arrested the deceased Lockard the said Lockard was engaged in the violation of the United States prohibition law by transporting liquor without a permit from the proper Federal officers so to do, and said liquors were not being transported for sacramental, medicinal, scientific or mechanical purposes, etc." We have frequently held that it is reversible error for the trial court to submit a material legal question to the jury or to submit a question involving both the law and fact. Hobson on Instructions to Juries, p. 13; Whitehouse Cannel Coal Co. v. Wells, 25 Ky. L. R. 60; C., N. O. & T. P. Ry. Co. v. Evans' Admr., 129 Ky. 152. But in view of the conclusive evidence showing that appellant and those acting with him did not know of a certainty that Lockard was transporting liquor at the time they sought to arrest him, nor at the time of the shooting which caused Lockard's death, but that said officers had but a mere suspicion of Lockard's guilt, the appellant was not authorized to make any arrest without a warrant, and the whole of instruction number three should have been omitted. The question of whether he was transporting liquor lawfully or unlawfully did not and could not enter into the question, for Montford and his associates were not authorized to make an arrest without a warrant unless a public offense was committed in their presence and with their knowledge, and none having been committed to their knowledge no arrest was authorized. This is our long established rule. Criminal Code, section 36; Commonwealth v. Riley, 192 Ky. 152; Rawley and Spivey v. Commonwealth, 191 Ky. 401. It follows, therefore, that it is wholly immaterial that in-

struction number three submitted a legal question to the jury and failed to tell the jury that appellant Montford had the right to make an arrest without a warrant. He was not prejudiced thereby. In truth the court was not authorized under the evidence to give an instruction informing the jury that appellant had the right to make an arrest in any event except with a warrant, or after a public offense had been committed in his presence, if a misdemeanor, with his knowledge. As given the instruction was more favorable to appellant than the law warranted.

(2) For the reasons above stated, we do not think there is any merit in the second objection made by appellant to instruction No. 3, based upon its failure to say in addition to the other things contained therein, that appellant had a right to make an arrest without a warrant. As it is admitted that deceased was unlawfully transporting a large quantity of moonshine liquor at the time he was apprehended and that he attempted after his arrest to make a "get away," and thus compelled the officer to attempt to shackle him, and when this was going on so moved, held and manipulated his arms as to prevent the officer from accomplishing his purpose, and the fatal shot was discharged in the ensuing scuffle, the propriety of the prosecution is doubtful even though there was evidence to carry it to the jury and sustain the verdict. The submission by the trial court of the legal question of whether deceased was transporting intoxicating liquors in violation of law to the jury was harmless and therefore not reversible error.

Judgment affirmed.