### JOHN WESLEY WILKES V. THE STATE.

No. 10007.    Delivered December 15, 1926.

1.—Possessing Mash, Etc.—Evidence—Search Warrant—Unnecessary.

Where officers at night saw a light in a smokehouse, and approaching same and looking through the cracks in the smokehouse, saw appellant and a negro engaged in making whiskey, there being a still with the furnace full of mash, and the fire burning, such evidence was not obtained by an illegal search, and no search warrant was necessary.

2.—Same—Continuance—Materiality of Absent Testimony.

Where a continuance is requested on account of the absence of witnesses, unless it be shown that such absent testimony is material, the continuance is properly refused. The continuance requested by appellant on account of the absence of the witness, Lewis, did not show the materiality of his testimony to the extent that would render reversible error, the action of the court in overruling the motion.

3.—Same—Charge of Court—Defining "Possession"—Held Sufficient.

Where the charge of the court defined the word "possession" as meaning that the person alleged to have been in possession must have had actual care, control and management of the property at the time, this was sufficient.

4.—Same—Charge of Court—Defensive Theory—Properly Presented.

Where, on a trial for possessing mash, etc., for the manufacture of intoxicating liquor, the only defensive theory raised in the case being that defendant was merely present at the place where the whiskey was being manufactured, but took no part in it, the court having instructed the jury that if they had a reasonable doubt as to his participating in the act or being in possession of the mash, etc., for manufacture of the whiskey, to acquit him, sufficiently presented this defense.

5. — Same — Impeaching Defendant — Proof of Other Convictions — Held Proper.

Where appellant had testified in his own behalf, and was asked in regard to his conviction and being charged with other felonies, this testimony was properly admitted for the purpose of affecting his credibility, and being limited to this purpose in the court's charge, no error is shown.

Appeal from the District Court of Hopkins County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for possessing mash, etc., for the purpose of manufacturing intoxicating liquor, penalty two years and six months in the penitentiary.

The opinion states the case.

*Ramsey & Davidson* of Sulphur Springs, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Hopkins County of possessing mash and equipment for the manufacture of intoxicating liquor, punishment two years and six months in the penitentiary.

Officers were on their way at night for the purpose of conducting an investigation of appellant's premises. As they were passing the home of one Lewis several hundred yards from that of appellant, they observed a light in the smokehouse of Lewis. The walls of the house had large cracks in them. Approaching the smokehouse and looking through the cracks the officers observed appellant and a negro engaged apparently in fitting a pipe into a barrel. There was a still in the smokehouse, and a furnace full of mash was over a fire which was burning. The officers arrested appellant and the negro and his trial and conviction followed.

Passing upon the complaints in the order in which they appear in appellant's brief, we observe that it was not error for the court to refuse appellant's motion to suppress the testimony of

the officers upon the ground that the same was obtained without a search warrant.    This court has uniformly declined to grant such motions even in cases which might be deemed appropriate under some Federal practice.    As applied to the instant case, we would further say that the facts would not seem, even under the Federal practice, to call for the granting of the motion. The evidence was not obtained by any illegal search.

Appellant made a motion for continuance because of the absence of one Gowen by whom he expected to show that he had not been at the home of Lewis a very great length of time when the officers discovered him.    We are unable to agree that the testimony of Gowen was of that degree of materiality which would render reversible error the action of the court in overruling the motion.

There was a special charge asked instructing the jury as to the meaning of the term "possession." In the charge the court defined the word "possession" as meaning that the person alleged to have been in possession must have had actual care, control and management of the property at the time. This was sufficient.

We find no error in the charge of the court in submitting the definition of principals and making it applicable to the facts in this case.

Appellant complains of the fact that the charge did not affirmatively present his defense.    As we comprehend the record, the affirmative defense, if any, was that appellant had gone down to Lewis' place and into the smokehouse and was there without prior knowledge of the fact that there was any still there, and that he remained only a very short time and took no part in the operation of the still.    The court told the jury that if they believed from the evidence that appellant did not know the intent of Lewis or the negro, or either of them, in the possession of the still, mash, material, equipment, etc., and did not aid by acts the said parties, or if they had a reasonable doubt of these facts, they should acquit the appellant.    We think this sufficiently presented his affirmative defense.

Appellant was asked in regard to his conviction and being charged with other felonies.    This was admitted for the purpose of affecting his credibility as a witness.    The court so told the jury in the charge.    We are unable to agree with appellant in his complaint in this matter.    We are of opinion that the testimony sufficiently supported the finding of the jury.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*