THOMAS HODGE V. THE STATE.

No. 10976. Delivered October 5, 1927.

1.—Possessing Intoxicating Liquor—Arrest Without Warrant—Search of Premises—When Justified.

Where officers saw several parties in appellant's barn drinking and some of them appeared to be intoxicated, their arrest of appellant was justified. See Branch's P. C., Sec. 207, p. 132; Art. 212, C. C. P., 1925; Moore v. State, 294 S. W. 550.

2.—Same—Continued.

The arrest of appellant without a warrant being justified, the search of his barn following the arrest was also legal, and evidence secured as a result of such search was properly admitted in evidence.

3.—Same—Continued.

"The right without a search warrant contemporaneously to search persons lawfully arrested while committing crimes, and to search the place where the arrest is made, in order to find and seize things connected with the crime, as its fruits, or as the means by which it was committed, as well as weapons, and other things to effect an escape from custody, is not to be doubted. Agnello v. United States, 260 U. S. 20; Carroll v. United States, 267 U. S. 132, and other cases cited.

Appeal from the District Court of Titus County. Tried below before the Hon. R. T. Wilkerson, Judge.

Appeal from a conviction for the possessing of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Seb F. Caldwell* of Mount Pleasant, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for purpose of sale, the punishment confinement in the penitentiary for one year.

The record shows that a warrant for the search of appellant's residence had been issued and placed in the hands of the deputy sheriff. The affidavit upon which the search warrant was issued was made upon information and belief, and no grounds showing probable cause were exhibited therein. Under the holding of this court in the case of Chapin v. State, No. 10670, delivered on June 22, 1927, and not yet reported, the search warrant was invalid. The officer, armed with this search warrant, searched appellant's barn, where he found sixty bottles of beer and a ten-gallon jar of beer. He also found in the barn seventy-five empty bottles. The record does not disclose whether the sixty bottles of beer and seventy-five empty bottles were hidden from the view of the officer, but does show that the ten-gallon jar of beer was hidden in cotton seed. The record further does not show the proximity of appellant's barn to his residence. The officer testified, in substance, that he saw somebody go to and come from the barn; that the appellant and two men were in the barn and that some men were in the door; that the men were drinking beer; and that two or three of the men were intoxicated. The record does not disclose whether the door of the barn was open or closed, and furthermore does not show whether the officer saw the men drinking beer by looking through the door. The testimony of the officer further shows that there was a plain road beaten out to appellant's house which had been used a great deal, and that this road showed that parties would drive up in appellant's yard and turn around and go back into the main road.

It is shown by several bills of exception that appellant objected to the testimony touching the results of the search of his barn on the ground that the information obtained by the officer was through an illegal search and seizure, and that the evidence could not be admitted under the provisions of Art. 727a, C. C. P. The trial court overruled the objections and admitted the testimony.

Appellant's bills of exception complaining of the admission of the testimony of the officer embody substantially the facts here-

inbefore set forth. The record shows that the officer saw men drinking beer in appellant's barn under circumstances which would create within him the reasonable belief that appellant was committing a felony. The record does not show from what position the officer saw the parties drinking in appellant's barn, nor does it show whether the sixty bottles of beer and seventy-five empty bottles were hidden from the view of the officer before the search was instituted. As far as appellant's bills of exception manifest the conditions under which the arrest of appellant and search of his barn were made, all of the liquor obtained by the officer, except the ten-gallon jar of beer, could have been seen by him from without, through an open door; the drinking of beer by the parties within the barn could have been seen by the officer under the same conditions; and appellant could have been arrested by the officer and the barn searched contemporaneously with his arrest. The bills of exception contain nothing that would negative the existence of facts and circumstances which would authorize the arrest of appellant without a warrant for an offense committed within view of the officer. In this condition of the record, the legal presumption that the ruling of the trial court, in admitting the testimony, was correct is not rebutted by appellant's bills of exception. See Branch's Ann. P. C., Sec. 207, p. 132. We are, therefore, constrained to hold that the arrest of appellant without a warrant was justified. One who commits a felony in the presence or view of an officer may be arrested without a warrant. Art. 212, C. C. P. 1925; Moore v. State, 294 S. W. 550.

The arrest of appellant being justified, the search of his barn was legal, and the evidence objected to was properly admitted by the court. We quote from the case of Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, as follows:

"The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime, and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits, or as the means by which it was committed, as well as weapons and other things to effect an escape from custody is not to be doubted. See Carroll v. United States, 267 U. S. 132, 158, 45 S. Ct. 280, 69 L. Ed. 543, 553, 39 A. L. R. 790; Weeks v. United States, 232 U. S. 383, 392, 34 S. Ct. 341, 58 L. Ed. 652, 655, L. R. A. 1915B, 834, Ann. Cases, 1915C, 1177."

See also Moore v. State, 294 S. W. 550.

Finding no error the judgment is affirmed.       *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.