### Henry Rice v. The State.

No. 12549.   Delivered October 30, 1929.
Rehearing denied December 4, 1929.

The opinion states the case.

*W. E. Myres* and *Myres & Pressly,* all of Fort Worth, for appellant.

*J. P. Word,* County Attorney of Meridian, and *A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing equipment for the manufacture of intoxicating liquor, punishment is one year in the penitentiary.

The only point we deem necessary to discuss is whether the evidence given by the officers regarding the still being found was admissible, it being admitted that the officers had no warrant to arrest, and no search warrant.   The sheriff testified in substance that he saw appellant and two other parties in a house on the West place; that no one was living there at the time; that witness saw appellant and the other parties through the window and that appellant had "hold of that still right down there," referring to the still then in the court room.   On cross-examination the witness said: "These things you show me are called soldering irons.   When I saw these soldering irons, one of them was in the fire place, and Bennett was using one of them.   Rice (appellant) was holding this still here upright while Bennett was soldering it.   Sparks was over next to

the fire place." It is impossible to reach any other conclusion than that the things the sheriff claimed to have seen appellant and his companions doing occurred before the house was entered by the officers, for when the officers were discovered appellant and both of his companions fled, appellant and Bennett being overtaken and arrested some distance from the house, and Sparks escaping entirely at the time. After the arrest the officers entered the house and found the coil, still, soldering irons, etc. Appellant had been seen in possession of the still before the house was entered. He was engaged in the commission of a felony in view of the officers. Therefore the right to arrest and search arose without any warrant. Arts. 212, 213 C. C. P.; Agnello v. U. S., 269 U. S. 20, 46 Sup. Ct. 4, 70 L. Ed. .145; Purswell v. State, 107 Tex. Cr. R. 121, 294 S. W. 1107; Moore v. State, 107 Tex. Cr. R. 24, 294 S. W. 550; Haynes v. State, 9 S. W. (2d) 1043. In the vicinity of the house the officers found a place where a still had been in operation, and in the cellar of the house they discovered where several barrels had been buried.

Exception was reserved to the refusal of numerous special charges. We have examined all of them and think they were either inappropriate under the facts or did not contain sound propositions of law.

Finding no error the judgment is affirmed.

*Affirmed.*