## W. O. BURNS v. THE STATE.

No. 12538. Delivered November 6, 1929.
Rehearing denied December 11, 1929.

The opinion states the case.

*J. L. Bird* of Walnut Springs and *W. E. Myres* and *Myres & Pressly* of Fort Worth, for the appellant.

*J. P. Word,* County Attorney of Meridian and *A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing mash for the purpose of manufacturing intoxicating liquor, punishment being one and a half years in the penitentiary.

Appellant lived about one fourth of a mile from the business part of the village of Eulogy. Officers found appellant in the village and requested permission to search his premises, advising him that they had no search warrant. He readily gave his consent to the search and told them he would go with them but asked them to wait on him a few minutes. He excused himself from the officers and was seen immediately thereafter talking to two boys,—Cox and Walker—who left in a car going in the direction of appellant's place. This excited the suspicion of the officers and two of them followed the car which they found in the road not far from appellant's place. Three boys were seen running from appellant's place towards the car; the third boy was a son of appellant. Where or when he got with Cox and Walker is not shown. The officers went towards the point on appellant's place from which the boys were running and there found where seven barrels had been recently overturned; mash was still running out of the barrels. Appellant took the other two officers in his car to his place. They found in the garage two hundred pounds of sugar, some cartons of yeast, and seven bottles of beer; in a smoke house they found one bottle of beer and a number of empty fruit jars. About ten steps from the garage in a barn they found several cartons of empty fruit jars; eighty steps from appellant's kitchen door they came upon the overturned barrels already referred to; mash, which had already been "cooked off" was scattered along the pathway from this point back to the house and chickens were eating it; uncooked mash was still running from the overturned barrels. A furnace was found near these barrels, showing that it had been used. Officers followed a path leading north

from the barrels and about seventy steps from them on appellant's premises they found thirty-seven bottles of beer in a sack; still following the trail about ten steps it crossed a fence into premises belonging to a Mr. Martin, and on the left of the trail under some trees twenty yards from the fence they found two and a half gallons of whisky in fruit jars. This path followed back led to where the chickens were eating the mash.

Appellant testified that the furnace found had been used to heat water for scalding hogs; in this he was supported by other witnesses; appellant also claimed that such mash as was found was prepared for hog feed; he claimed that the sugar and yeast was brought to the place by his son for the purpose of sale at a little store run by the son; he denied that any of the beer or whisky found belonged to him, and denied knowledge of the presence of any of it on his premises.

We have stated the facts somewhat in detail because complaint is brought forward of the refusal of a special charge directing a verdict of acquittal. The facts sufficiently answer this criticism.

No objection was made to the instructions given. One complaint brought forward is directed at the refusal of special charge number two which was to the effect that if other parties lived on the premises and had equal opportunity with appellant to have committed the offense charged the jury should acquit. We find no evidence supporting such requested instruction. There is no evidence from either side upon the issue. Some of the officers were asked if appellant's married son and his wife did not live with appellant but the answer was that they understood the son lived at the filling station in the village.

The other refused charges, as we understand them, seem to proceed on the theory that before appellant could be guilty he must have been present exercising some actual personal supervision over the mash and liquor, etc. To exercise actual control, care, management and custody of such things it is not necessary under all circumstances that accused be actually in the presence of the things mentioned. See Newton v. State, 94 Tex. Cr. R. 288, 250 S. W. 1036; Wilkes v. State, 105 Tex. Cr. R. 432, 289 S. W. 44. The court gave no definition of "possession" in his charge, but in substance instructed the jury that although the mash, beer, whisky, etc., were found on or near appellant's premises, still there could be no conviction unless the jury found beyond a reasonable doubt that appellant had some interest in them, and that they were on his

premises with his knowledge. This seems to have amply protected appellant.

Believing the refusal of the special charges presents no error demanding a reversal, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—After reconsidering the record in the light of the motion for rehearing, we have perceived no sufficient reason for receding from the opinion heretofore expressed in affirming the judgment.

The motion is overruled.

*Overruled.*