## T. F. CLARK v. THE STATE.

No. 13882. Delivered January 21, 1931.
Rehearing Denied February 18, 1931.

154

The opinion states the case.

*Rutledge Isaacks* and *L. A. Dale,* both of Pecos, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

The record contains four bills of exception, which will be noticed in reverse order.

The State's attorney told the jury that it should convict appellant because he had not explained his possession of a jar of whisky within the meaning of the prima facie evidence rule as set out in the court's charge. He insisted that appellant had merely denied that he possessed any intoxicating liquor whatever. The argument was objected to as prejudicial because of the fact that appellant could not explain possession of a kind of liquor which he denied having. We see no merit in appellant's contention. He did attempt to explain his possession of a bottle of liquid, his explanation being that the liquid was not whisky but floor oil. In his charge the court told the jury that if they believed that the liquid had by appellant at the time in question was floor oil, or if they had a .

reasonable doubt thereof, they should acquit. The State's attorney has a right to assume for the purpose of argument that the State witnesses are telling the truth, in which event appellant was found in possession of a half gallon jar of whisky. Evidently the State's attorney was arguing to the jury that appellant's claim that the jar contained floor oil was not any such explanation as should result in his acquittal.

By another bill of exception complaint is made that the trial court erred in admitting testimony from the officers to the effect that after appellant's arrest they followed appellant's tracks around a building diagonally across the street from appellant's store on to the back of said building, and that just inside the building and behind the door they found three half gallon jars full of whisky. We regard this as pertinent testimony bearing upon the issue as to whether the liquid in possession of appellant when seen by the officers was in fact whisky. The officers testified that appellant left his store with a paper sack folded or doubled up in his hand, crossed the street diagonally and went behind a vacant building; that in about two minutes he reappeared with something heavy in the sack, which sack he was holding by the top; that as he crossed the street toward his store they holloed at him and he broke and ran. One of the officers ran after appellant who, according to the officer's testimony, made a swing with the paper sack at a metal gasoline barrel setting on the north edge of appellant's back porch. The officer said when appellant made this swing the bottom of the paper sack gave way and the half gallon jar full of liquid fell to the floor. He said appellant picked it up and broke it on the top of the gasoline barrel. Both he and the other officer examined the liquid that was on top of the gasoline barrel and gave testimony that it was whisky. Appellant said he went after and got floor oil on his trip to the rear of the vacant building referred to. Appellant's wife said she asked him to go and get floor oil on said occasion. It thus became a sharply contested issue as to whether he got floor oil or whisky. The officers testified that they followed appellant's tracks to the door of said vacant building, and just inside same they found these half gallon jars of whisky. The testimony was clearly admissible. The jar brought by appellant from behind said building was a half gallon jar.

By two bills of exception appellant complained of the admission of similar testimony given by the two officers as to what they saw and found by an examination of the liquid on the top of the gasoline barrel on his back porch. The objection is stated thus in each bill "The defendant objected to that part of said testimony which states that there was whisky in the rim of the gas barrel on the defendant's back porch and which in any manner referred to the contents of said broken jar as having been whisky." The ground of the objection was that the officers had no search warrant, and no authority of law to be where they were

or to do what they did on the occasion in question. Appellant has filed an ingenious brief, arguing at length the inadmissibility of this testimony. We find ourselves entirely unable to agree to the positions taken.

Appellant's building had two rooms, in the front of which he had a store and in the rear room a residence, there being a porch on each end of said building. The building fronted west on a street. Officers watching the place saw appellant go to and fro between his store and cars which would drive up in front. They then observed him crossing the street in a northwesterly direction carrying a paper sack as above set forth in considering another point. When the officers called to appellant he ran with something in a paper sack, Officer Cummings following him. There was no enclosure around the building, and no showing that appellant owned or controlled any land other than that actually covered by the building. The gasoline barrel which figures in the transaction, was on the north side of the back porch, out in the open without anything on it or around it. Apparently, and according to the testimony of Mr. Cummings, as appellant ran toward his back porch and when his actions were patently observable by nobody in the vicinity, he made a swing at the gasoline barrel with the sack, at which time the bottom of the paper sack parted and there appeared in full view of the officer a half gallon jar of liquid. Appellant, according to Mr. Cummings, at this juncture picked up this half gallon jar and broke it on the gasoline barrel. Mr. Cummings said he saw the liquid come out of the jar and fall on top of the gasoline barrel. He at once smelled whisky, and by tasting and examining the liquid on top of the barrel he was enabled to say that it was whisky. The other officer testified that he saw appellant swing the sack at the barrel, but he then went in the front door of the store and came back through both rooms out on to the porch where appellant and Mr. Cummings were. He there examined the liquid on top of the gasoline barrel and testified it was whisky. Mr. Cummings was not on appellant's premises, nor in his house when he saw the latter flee after being hailed by the officers. He was not on appellant's premises nor in his house when he saw appellant swing the jar at the barrel in question, nor when he saw the jar of liquor slip through the bottom of the sack and fall on the floor, nor when he saw appellant pick said jar up and break it on the top of the barrel. It would appear idle to argue that all this transpiring in plain sight of the officer who had made no search of appellant's premises, entered no house, broken no doors,—that under circumstances like these the officer could not stop on the porch or examine and determine the character of the liquor on the rim of said barrel, but that he must stop, go away to some magistrate, make affidavit, get a search warrant, return—to find that the liquid on top of the gasoline barrel has been wiped away and that there was nothing for him to do to further ascertain its character. Such conclusion would be a travesty

on the real purpose and the intent of the law requiring the making of a search warrant necessary before searching the premises of another.

Appellant's actions coupled with the exposure of the jar and his breaking the same, and its fumes pervading the air, would furnish ample ground for a reasonable belief on the part of the officer that appellant was violating the law both by his transportation as well as his possession of intoxicating liquor, and the right of arrest on the part of the officer, and the sequent right of further search fully existed. An offense has occurred within the view of an officer when his senses afford him knowledge thereof. United States v. Borkowski (D. C.), 268 Fed., 408; Elrod v. Mass. (C. C. A.), 278 Fed., 123; Lambert v. U. S. (C. C. A.), 282 Fed., 413. If an officer is apprised by any of his senses that a crime such as this is being committed in his presence or view, he is justified in arresting without warrant. Douglass v. State, 152 Ga., 379, 110 S. E., 168; Montford v. Com., 196 Ky., 780, 244 S. W., 293; Hughes v. State, 145 Tenn., 544, 238 S. W., 588. In Hodge v. State, 107 Texas Crim. Rep., 579, 298 S. W., 573, it is held that where officers saw through an open window in appellant's barn men drinking beer under circumstances justifying a reasonable belief that appellant was committing a felony, that this authorized his arrest without warrant, and made legal a search of said barn. In Moore v. State, 107 Texas Crim. Rep., 24, 294 S. W., 550, an opinion by Presiding Judge Morrow, we held arrest without warrant authorized when the sheriff saw the accused put a quart bottle in a paper sack and walk out on the street with same in his possession. In Wilkes v. State, 105 Texas Crim. Rep., 430, 289 S. W., 44, we held that where officers saw the appellant through a crack in a smoke-house engaged in making whisky, and they went in and arrested him and his conviction followed, that the action of the officer was justifiable. See, also, Rice v. State, 113 Texas Crim. Rep., 596, 21 S. W. (2d) 1057, where officers saw through a window appellant engaged in the commission of a felony.

Being unable to agree with the contentions made by appellant in any of his complaints of procedure, and also believing the evidence to fully justify the conviction, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—By motion in arrest of judgment in connection with his motion for new trial, appellant attacked the indictment. It averred that appellant had in his possession for the purpose of sale intoxicating liquor "in a quantity in excess of one quart." It is appellant's contention that the quoted words in the indictment described an offense not known to the law, hence rendered the indictment bad. There was no necessity of incorporating in the indictment the words quoted, but

their presence would not render the indictment vicious. They might be disregarded altogether. Their presence in no way detracted from the averments which did charge an offense.

The other matters urged in appellant's motion had our most careful attention on original submission. We find no good reason to change our views regarding them.

The motion is overruled.

*Overruled.*