D. M. MARTIN v. THE STATE.

No. 14194.   Delivered October 7, 1931.
Rehearing Denied January 20, 1932.

The opinion states the case.

*Wills & Wills* and *W. R. Parker,* all of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for manufacturing intoxicating liquor, punishment being confinement in the penitentiary for two years.

The house in which the manufacturing enterprise was being conducted was on a 123-acre tract of land. The officer making the arrest of appellant and conducting the search admitted that he had no search warrant. It appears that he thought he had a warrant authorizing him to search the premises, but he says, "It turned out not to be the property I thought it was." The record does not disclose at what time the officer ascertained the search warrant did not cover the premises, whether before or after the incidents enumerated by him.

Appellant objected to any evidence found as a result of the search on the ground that the officer had no warrant and was a trespasser. Officer Barker says: "We drove up from the S E and were going N E and beyond the house we turned into a road running North and South. As we did that the defendant came out on the South porch of the house. The door of the house was open. I could see still, mash barrels and things for making whisky in the house before I got out of my car. He went back into the house and through the house. From my car in the road I could hear blower puffing and see still."

Appellant passed through the house and ran north across the prairie and was overtaken and arrested about 100 yards away. His clothing had mash on them. After arresting appellant the officers went into the house and found the still to be of about sevent-five gallons capacity; it was in operation; the fire was from a gasoline pressure tank; twenty-five barrels of mash were in the house; also six gallons of whisky and six or seven cases of half-gallon fruit jars, and some chops, bran and yeast. The only

thing indicating that any one lived in the house was the presence in one room of a cot, cook stove and some provisions. The remainder of the rooms seem to have been devoted to the whisky manufacturing business.

About six weeks before the raid Mr. Rogers had rented the 123 acres to a man who gave his name as Johnson, but whose real name was Langston. He and another man by the name of Sullivan were also arrested on the place. Rogers did not know Martin in the transaction of renting the place. What Martin's connection with the premises was is not disclosed from the record. Some of the 123 acres was cultivated, but not by any of the three men arrested.

It is doubtful if Martin is shown to have borne such relation to the house in question as clothed him with authority to raise objection to the search as an invasion of his rights. See Salinas v. State, 18 S. W. (2d) 663, for collation of authorities.

The objection raised by appellant to evidence of the result of the search seems even less tenable on another ground than the one just adverted to. As we understand the facts officer Barker's car was in the road, and from there he saw into the house and discovered the still in operation and heard the noise of the fire from the pressure tank before anything had been done towards searching the house. The offense, a felony, was then being committed in view of the officers; this authorized the arrest of appellant without a warrant under article 212, C. C. P. The right to arrest carried with it the right to search. Agnello v. U. S., 269 U. S., 20, 70 L. Ed., 145, 51 A. L. R., 409; Hodge v. State, 107 Texas Crim. Rep., 579, 298 S. W., 573; Wilkes v. State, 105 Texas Crim. Rep., 432, 289 S. W., 44; Rice v. State, 113 Texas Crim. Rep., 596, 21 S. W. (2d) 1057; Clark v. State, 117 Texas Crim. Rep., 153, 35 S. W. (2d) 420.

The road upon which the officers had reached the house passed through the 123 acre tract of land; gates were on the road but any one desiring to do so used it. We think the officers can not under the facts be classed as trespassers.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It would be immaterial whether the house in which the officers found appellant in possession of a still in operation, was a private residence. The facts fully showed cause for the search, as stated in our original opinion, in which event it would make no difference whether the place searched be a residence. Re-examination of the record does not lead us to any agreement with appellant's contention that the record was misunderstood when we wrote originally.

The motion for rehearing will be overruled.

*Overruled.*