BERRY DIXON v. THE STATE.

No. 17151. Delivered January 23, 1935.
Rehearing Denied February 27, 1935.

The opinion states the case.

*Fred O. Jaye,* of De Leon, and *Oscar Callaway,* of Comanche, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

The first bill of exception attempts to bring forward some complaint of claimed irregularity in the formation of the jury. It appears therefrom that the question was presented in the motion for new trial, and the exception is reserved to the action of the court in overruling such motion. The bill should have directly presented complaint of the court's action regarding the jury, if in fact any objection was made at the time. The bill in its present form does not present the point for review. Mier v. State, 120 Texas Crim. Rep. 397, 49 S. W. (2d) 757; Love v. State, 69 S. W. (2d) 142.

The only question before this court is appellant's contention that the evidence is not sufficient to sustain the verdict. Under authority of a search warrant officers searched the house and premises of appellant and found in the horse lot about twenty yards from the house twelve half-gallons of whisky and a one-gallon jug of whisky. It was in two different places in the lot, eight jars in one place, and four jars and the jug in another place. All of it was buried some six or eight inches

deep. Two empty bottles which had contained whisky were found in the house, and in a pasture about a quarter of a mile from where appellant lived the officers found a "cooking barrel" and a couple of mash barrels with a wooden lid buried in the ground, covered with leaves.

Appellant was in bed at the time the officers reached his place for the purpose of searching it, and in bed with him was his son-in-law, Bash Bird. It appears that after searching appellant's place the officers went about ten miles to a place that had been formely occupied by Bird and from which place he was just moving to appellant's premises. On the Bird place they found things which would indicate that whisky had been manufactured on the Bird place. Appellant testified in his own behalf, denying that he knew anything about the presence of the whisky in the horse lot, claiming that he did not know who put it there, and that it did not belong to him. He also claimed that the mash barrels found in the pasture were upon property which had been sold by his father to the Magnolia Petroleum Company. He also claimed that at the time of the search there was at the house with him a man by the name of Favors, who was in bed in another room. This claim was denied by the officers who asserted that they found no one there at the time except appellant and Bird.

On the facts presented in the State's evidence we would not be warranted in holding it insufficient to support the conviction. The jury was not bound to accept as true appellant's testimony when he denied ownership or knowledge of the presence of the whisky which was dug up by the officers in the horse lot. It was a matter for the jury to determine whether they would accept as true the intimation that the whisky had been brought there by his son-in-law or Favors without appellant's knowledge or consent.

Appellant cites many fact cases which we deem it unnecessary to discuss. Fact cases are of little aid in determining questions of this kind.

Believing the evidence sufficient to support the verdict, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant bases his motion for rehearing upon the proposition that the indictment in this case was bad under the authority of Offield v. State, 75 S. W. (2d) 882 (127 Texas Crim. Rep., 237). The indictment in this case did

not, as seems asserted by appellant, charge the sale of intoxicating liquor, but did in fact charge him with the possession of spirituous liquor. An indictment charging the accused with the possession or sale of spirituous liquor need not say anything about whether the county of the prosecution was one in which intoxicating liquor was sold or not. It is a violation of the law to sell spirituous liquor anywhere in Texas. The Offield case, supra, has no application. We see nothing in the other points made by appellant calling for any discussion.

The motion for rehearing will be overruled.

*Overruled.*