## LEVERICH v. STATE.
### No. 17679.

Court of Criminal Appeals of Texas.
June 26, 1935.

Rehearing Granted Nov. 27, 1935.

Dale & Isaacks, of Pecos, James Cornell and Dorsey Hardeman, both of San An-

gelo, and Silliman, Johnson & Crumpton, of Ft. Stockton, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for possessing whisky for purposes of sale; punishment, one year in the penitentiary.

On November 26, 1934, appellant lived and ran a café in Iraan, Pecos county, Tex. On that day he was a witness in a civil case on trial in the district court of said county, and testified that he was also selling liquor at said place in Iraan; beer and other liquors. Thereafter, two officers went to Iraan, and to appellant's café, which was a public house, open and carrying on its usual business. They ordered and drank each a cup of coffee, and while drinking same observed in the house cartons of Four Roses whisky. They looked further and discovered other brands of whisky such as Paul Jones and Windsor whiskies, noted and well-known brands of the article. They took same into their possession, and upon this trial such whisky was produced. Appellant did not testify nor offer any testimony upon the trial. We find in the record 26 bills of exception.

Bill 1 complains of the refusal of a postponement sought on the ground that appellant had not had time to prepare his defense. The bill wholly fails to show what defense appellant wished to prepare, or to set out how or in what manner time was needed to develop same. The bill presents no error.

Bill 2 complains of the refusal to sustain appellant's challenge to the array of the jury panel for the week; his ground for which was that in the presence of most of the jurymen the court had charged his grand jury with reference to violations of the liquor laws, and remarked to them that appellant had come into his court and from the witness stand had sworn that he was engaged in the liquor business. We see nothing in such a bill calling for reversal of this case. Nothing is set forth therein showing prejudice or harm to appellant from the statements of the court. On this trial the state proved the same matter which was told by the court to the grand jury. The trial jury gave appellant the lowest penalty.

There is nothing in appellant's motion to quash the indictment. It charged that appellant did then and there possess for the purpose of sale, whisky. See McDonald v. State (Tex.Cr.App.) 77 S.W.(2d) 685; Kennedy v. State (Tex.Cr.App.) 78 S.W. (2d) 986; Dixon v. State (Tex.Cr.App.) 79 S.W.(2d) 321.

Bills 5 to 12 complain of the rejection of certain jurors who said they had prejudice against enforcement of the liquor laws. None of these bills show error.

Bills 13, 14, 22, and 23 complain of the testimony of two officers as to what they saw and found in appellant's place of business on January 14, 1935. They testified that while drinking coffee they saw a quantity of whisky in the restaurant, and that, having observed same, they took it into their possession. Appellant's point seems to be that said officers testified that they went to Iraan for the purpose of searching for whisky, and that even though they entered said public café, and there bought and drank coffee, and while so doing observed the cartons of whisky in said place, still testimony as to what they saw and found was not admissible because, as appellant contends, they had no search warrant, and admitted that they went to said town to search for whisky. Appellant urges that when they entered the café they were searching, with their eyes; and that what they saw was not admissible in evidence. We have examined with interest the authorities cited in the able brief of appellant on this point. Article 4a, C.C.P., upon whose authority the case of Field v. State, 108 Tex.Cr.R. 112, 299 S.W. 258, was reversed, has been repealed. See Acts Second Called Session, 41st Legislature (1929), c. 44, § 1. Those cases cited involving searches of private residences seem not to be in point. We have no doubt of the soundness of the proposition that the officers in the instant case, being lawfully on appellant's premises, and there observing evidences of the violation of the liquor law, would have a right not only to seize the liquor observed, but to search further for other liquor similarly possessed. Turner v. State, 119 Tex.Cr.R. 323, 45 S.W.(2d) 205; Taylor v. State, 120 Tex.Cr.R. 268, 49 S.W.(2d) 459; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409; Hodge v. State, 107 Tex.Cr.R. 579, 298 S.W. 573; Wilkes v. State, 105 Tex.Cr.R. 430, 289 S.W.44; Rice v. State, 113 Tex.Cr.R. 596, 21 S.W.(2d) 1057; Clark v. State, 117 Tex.Cr.R. 153, 157, 35 S.W.(2d) 420.

The fact that the officers went to Iraan hunting and searching for whisky would in no way militate against the legality of their entrance into the public restaurant of appellant for the purpose of getting coffee, and it being in evidence that while so engaged they saw, without further search than to look, contraband whisky in said restaurant, they were authorized to search further.

We see no valid objection to the testimony of what appellant said as a witness in a civil case regarding the fact that he was engaged in the selling of liquor. One of the issues in this case was the purpose for which appellant possessed the whisky in question. It was appropriate to prove that on the occasion in question he testified that he was engaged in the business of selling liquor. Nor was it erroneous to introduce before the jury the cartons and bottles of whisky found on appellant's premises by the officers. There is no claim that any of said bottles were opened and tasted by any of the jury. It was affirmatively shown that what was said by two jurors to outsiders while they were considering the case, was not in reference to the case on trial. Nor do we find anything in the testimony heard on the motion for new trial which would make us conclude that the jury in retirement received testimony other than that from the witnesses on the stand.

Finding no error in the record, the judgment will be affirmed.

### On Motion for Rehearing.

HAWKINS, Judge.

Conviction is for possessing whisky for the purpose of sale; punishment being one year in the penitentiary.

Near the close of our previous term an opinion affirming the judgment of conviction was handed down. Pending a motion for rehearing the law. (Pen.Code 1925, art. 666 et seq., as amended) under which conviction was had has been repealed (Vernon's Ann.P.C. art. 666—49), hence the conviction falls. See Guy Meadows v. State (Tex.Cr.App.) 88 S.W.(2d) 481, opinion of this date. The motion for rehearing is granted, the judgment of affirmance is set aside, and the former opinion is withdrawn. The judgment of the trial court is now reversed and the prosecution ordered dismissed.