## A. E. WOOLDRIDGE V. THE STATE.

### No. 20111. Delivered February 15, 1939.
### Rehearing Denied April 12, 1939.

The opinion states the case.

*Callaway and Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of a violation of the liquor laws of this State, and fined $100.00.

There is but one question presented to us for consideration, and that is the sufficiency of the testimony. It is shown that appellant rented a building in the city of Brownwood in which he had conducted a restaurant business, but claimed to have discontinued such business some three or four months previous

to his arrest, nevertheless still paying the rent thereon, and keeping his furniture and fixtures therein, and had the key to such building. On the day of his arrest two liquor inspectors saw three men coming out of the door to said restaurant, and they entered through this door and found therein the appellant, and on the counter they found four empty glasses smelling strongly of whisky. They searched this place and also found one pint bottle of unopened whisky, and thirteen bottles of beer in an ice box, as well as several empty whisky bottles in a trash basket. There was a partition in the back of this place with a bed behind it; there was also a front counter and a back counter, and although the place was furnished like a cafe, there was no food therein nor none being served; in fact, it gave evidence of not being operated at such time as a cafe.

Appellant's nephew, J. R. Wooldridge, testified that he slept in this cafe, in the room back of the partition, and paid rent on this room, and that the whisky and beer found therein was his and did not belong to appellant; that he slept in the back, but kept his whisky up in the front of the cafe. Appellant testified that his nephew paid to him $15.00 per month for the privilege of sleeping in the cafe, and that he, appellant, knew nothing about the whisky nor beer being in there; that he had a key to the place and came in there often; that he was a farmer and stockman and had seventy head of cattle out on a place he had leased; that he just happened to go into the cafe in order to see how everything was when the officers raided it; that he did not see the three men testified about by the officers; that he kept his fixtures in this building and paid the rent; that he kept the keys thereto and went in and out when he pleased; that he knew nothing about this liquor; it was not his.

The court properly charged the jury on the law of circumstantial evidence, and under such charge the jury evidently failed to believe appellant and his nephew relative to the ownership and possession of this liquor. It is suggested by the State's Attorney in his brief that appellant's presence in the building with the keys thereto in his possession, together with the fact that he had control of the building as a tenant, with, we add, the presence of the three strangers, and the four empty glasses sitting on the counter, smelling strongly of whisky,— was sufficient to authorize the jury's conclusion of his guilt.

We quote from Dixon v. State, 79 S. W. (2d) 321.

"The jury was not bound to accept as true appellant's testimony when he denied ownership or knowledge of the presence

of the whisky which was dug up by the officers in the horse lot. It was a matter for the jury to determine whether they would accept as true the intimation that the whisky had been brought ·there by his son-in-law or Favors without appellant's knowledge or consent."

The jury refused to believe appellant and his nephew relative to the ownership of this liquor, and we do not feel that the facts are such that we should set their verdict aside.

The judgment will be affirmed .

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant again insists that the evidence is insufficient to support a finding that he possessed whisky for the purpose of sale.

The facts have been reviewed, and while it may be admitted that the case is on close lines we are still of opinion that we would be unauthorized to say that the evidence did not support the jury's conclusion.

In our original opinion we said that appellant, among other things, testified that he "did not see the three men testified about by the officers." He did say that he talked to three men at the door but that he did not know who they were, and that he did not unlock the door nor enter the building until after they left, and specifically denied that any one was in the building with him. On the other hand, the officers were positive that the three men emerged from the building just before the officers entered. The jury were justified in concluding that the three men were in the building with appellant. There was nothing in there to eat. What business did they—strangers to appellant, as he claimed—have with him in the building? The recently used glasses bearing the odor of whisky may have furnished an answer to the question. The jury may have further concluded from the facts that it was unlikely that appellant had been *giving* drinks to strangers.

The motion for rehearing is overruled.