

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

**NO. PD-0681-15**

---

**DAVID LEE CLEMENT, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE ELEVENTH COURT OF APPEALS WISE COUNTY**

---

JOHNSON, J., delivered the opinion of the Court in which MEYERS, KEASLER, HERVEY, ALCALÁ, RICHARDSON, YEARY, and NEWELL, JJ., joined. KELLER, P.J., concurred.

**O P I N I O N**

After his motion to suppress was denied, appellant was found guilty of felony driving while intoxicated and was sentenced to four years in the institutional division of the Texas Department of Criminal Justice. Finding that the arresting officer lacked probable cause to arrest, the court of appeals reversed appellant's conviction and remanded the case to the trial court. The state filed a motion for rehearing, asserting that the appellant had failed to preserve his challenge to the legality of the arrest. The court of appeals denied the motion for rehearing.

We granted the state's petition for discretionary review that raised two grounds for review:

Does a suppression motion's mere citation to the Fourth Amendment and probable cause, or a belated closing argument that anything after the "stop" be suppressed due to lack of probable cause for "arrest," preserve an illegal arrest claim?

Did the lower court err by basing its illegal arrest holding on the officer's subjective reasoning rather than the objective facts he articulated that routinely support a DWI arrest?

We conclude that appellant preserved his claim of illegal arrest, and we overrule the state's first ground. However, we also conclude that, by basing its holding that appellant was illegally arrested on the officer's subjective reasoning, the court of appeals misapplied the law. We sustain the state's second ground for review, reverse the judgment of the court of appeals, and affirm the judgment of the trial court.

## I. Facts

Around 12:30 a.m. on a Sunday morning, Trooper Jeff Johnson received a dispatch about the presence of a possibly intoxicated person at a nearby Exxon station. The dispatch also stated that the possibly intoxicated person was driving a white Pontiac and had left the station. When Trooper Johnson arrived, he observed a white Pontiac backing out of the parking lot and heading north on Highway 101. Trooper Johnson followed the vehicle and noted that it accelerated quickly. He "checked the vehicle on radar," which revealed that the vehicle was traveling at 62 miles per hour in an area with a speed limit of 55 miles per hour. Trooper Johnson activated his lights and stopped the Pontiac. Appellant was the driver. Trooper Johnson testified that he did not see the appellant commit any traffic-law violations other than speeding.

In his offense report, Trooper Johnson stated that the vehicle "almost struck the guardrail" when the driver drove onto the shoulder of the road in response to Trooper Johnson's lights. He

agreed with defense counsel's suggestion that avoiding the guardrail at that particular location was actually "pretty keen driving" and that he had stopped the vehicle for speeding, not because of the dispatch about a possibly intoxicated driver. Trooper Johnson testified that, after the stop, he detected the odor of an alcoholic beverage on appellant's breath and that appellant refused to do any field sobriety tests. He also agreed that he had arrested appellant based on the odor of an alcoholic beverage on appellant's breath.

Appellant filed a written motion to suppress that

request[ed] the Court to suppress and exclude from evidence in the above cause all of the evidence seized by agents of the State of Texas in this cause upon the grounds that said evidence was illegally seized during a search without a warrant in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, Art. 1, § 9 of the Constitution of the State of Texas, and Art. 18.01 of the Code of Criminal Procedure.

. . .

For cause, Defendant would show that the stop of Defendant was without a warrant or probable cause. There was no probable cause based upon acceptable scientific protocol. Further, the so-called-tipster was not shown to be credible. The officer did nothing to corroborate the tip from the unknown informant.

During the hearing on appellant's motion to suppress, the state stipulated that the stop was without a warrant. Trooper Johnson testified that he had received a dispatch stating there was a possible intoxicated person at an specified Exxon station and that the person was driving a white Pontiac. He also testified that he followed a white Pontiac that left the convenience store that was attached to that Exxon station, that the vehicle accelerated quickly, that the vehicle was traveling at a speed greater than the posted limit, and that it was 12:30 a.m. on a Sunday morning. The state then asked Trooper Johnson questions that seem to have been intended to establish reasonable suspicion for stopping appellant.

During cross-examination, appellant's defense counsel questioned Trooper Johnson at length

about the encounter and attempted to impeach Trooper Johnson's testimony by comparing it to his offense report. Defense counsel also challenged him on the location of the stop as well as appellant's driving performance and the basis for appellant's arrest.

Q. Okay. I'm just curious, when you all put, there's a strong order (sic) of alcohol and a weak odor of alcohol those, basically, for scientific purposes, mean the same thing, don't they?

A. No, sir.

Q. Well, if there's no correlation between the strength of the odor and how much they've had to drink, how do you reconcile that?

A. I don't guess I understand what you're asking.

Q. He told you he wasn't doing any tests; correct?

A. Yes, sir.

Q. And he didn't do any tests there, did he?

A. No, sir.

Q. So you arrested him, based upon the odor of alcohol on his breath?

A. Yes, sir.

Q. You didn't arrest him for speeding, did you?

A. No, sir.

Q. You can't do that, can you?

A. Sir?

Q. Can you arrest somebody for speeding?

A. No, sir.

At closing, the state made a brief statement. "Your Honor, it's a motion to suppress based

on the stop. The officer's testimony is he's exceeding 55, the posted speed limit . . .. The radar unit showed his speed over the posted speed limit, so based on that he had probable cause to stop." Defense counsel's closing argument began with a summation of credibility issues that defense counsel had raised during cross-examination. It concluded with assertions about when the stop and arrest occurred.

> When he sees the guy driving properly down the street, and he sees the vehicle being operated correctly, he sees the driver of the vehicle driving between a white line and the guardrail; a keen sense of driving, he says; but he pulls him over anyway for speeding; and that's–that's where the stop is.
> And he smells alcohol on his breath, so he doesn't do any tests, doesn't do anything. No evidence of intoxication except alcohol on his breath, and he's arrested for DWI.
> It's our position that anything after the stop should be suppressed, because there's no probable cause for his arrest.

## II. Analysis

### A. Preservation of Error

In order to preserve an issue for appeal, a timely objection must be made that states the specific ground for the objection, if the specific ground is not apparent from the context. *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006). A general or imprecise objection may be sufficient to preserve error for appeal, but only if the legal basis for the objection is obvious to the court and to opposing counsel. *Id*. Rule of Appellate Procedure 33.1(a) provides that, "[a]s a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion" stating the grounds for the ruling sought "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. (TRAP) 33.1(a)(1)(A).

The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the

trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint. *Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009). "As regards [to] specificity, all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). In resolving questions of preservation of error, we may not consider arguments in isolation; we instead must look to the context of the entire record. *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015). *See Resendez*, 306 S.W.3d at 313.

During the hearing, the state asked Trooper Johnson what he did after he observed appellant leave the Exxon station. Trooper Johnson stated that he clocked the vehicle moving at "62 in a 55" and that he was trained to operate the radar unit. The state passed the witness. Defense counsel questioned Trooper Johnson on many aspects of the encounter, asking him whether the encounter occurred in his jurisdiction, how he had corroborated the tip, his qualifications to use his radar unit, why he had stopped appellant, appellant's driving performance, and why he had arrested appellant.

When defense counsel asked Trooper Johnson why he arrested appellant, Trooper Johnson stated that he had arrested appellant because of the odor of alcohol on his breath. The state asked no further questions, despite that, in some circumstances, this fact alone has been held insufficient to show probable cause. *Domingo v. State*, 82 S.W.3d 617, 621-22 (Tex. App.—Amarillo 2002). During closing argument, defense counsel explicitly pointed out when the stop occurred and argued that there was no probable cause for the arrest.

Neither the Fourth Amendment nor Article I, Section 9, of the Texas Constitution requires

a warrant to justify an arrest based upon probable cause. *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006).[1] Based on a broad examination of the facts and appellant's motion to suppress, the state was sufficiently put on notice that the defense was challenging the arrest as well as the stop.

We agree with the court of appeals on the question of preservation. Looking at the entire record, appellant sufficiently apprised the trial court of the issue, opposing counsel had an opportunity to respond, and the trial court was in proper position to suppress the evidence. Defense counsel may have been less than articulate in raising the issue in his motion and his cross-examination attempts to raise questions concerning the arrest, but his cross-examination challenged all the facts concerning the stop and the arrest. Counsel argued throughout that the state had not met its burden of showing that Trooper Johnson had probable cause to arrest appellant based on the belief that he had committed an offense in his presence. During closing arguments, defense counsel attempted to clarify his argument that the arrest was without probable cause.

The state asserted that there was probable cause for the stop. The state had already stipulated that the stop was without a warrant, and agreed that the burden had shifted to the state to prove probable cause. Based on the facts, this motion to suppress, the facts challenged by the defense during the hearing on the motion to suppress, and the state's stipulation that it had the burden to prove probable cause, we hold the state was sufficiently put on notice of the assertion of illegal arrest.

**B. Art. 28.01**

The state asserts that defense counsel failed to challenge appellant's arrest in a timely

---

[1] It appears that defense counsel either used the word "stop" instead of "arrest" in his motion or failed to allege that the "stop" was without reasonable suspicion and the arrest was without probable cause.

manner. The Texas Code Criminal Procedure art. 28.01, § 2, states, "[A]ny such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown." The court of appeals opined that the state had not cited any authority that the timing requirement of Art. 28.01 controls over the timeliness requirement for preservation of error under TRAP 33.1. *Clement v. State*, No. 11-13-00055-CR, 2015 Tex. App. LEXIS 4801, at *9 (Tex. App.—Eastland 2015) (op. on reh'g). The court of appeals reasoned that, because the state had not presented this argument to the trial court, appellant was deprived of his right to respond to it. *Id*. However, Art. 28.01 is a statute, and TRAP 33.1 is an appellate rule. Under the hierarchy of laws, if there is a conflict between a statute and an appellate rule, the statute controls. "A statute cannot be superceded by a rule." *Igo v. State*, 210 S.W.3d 645, 647 (Tex. Crim. App. 2006). And the state was the winning party at trial. The state does not have the burden of listing every possible basis for upholding the validity of the search. *State v. Mercado*, 972 S.W.2d 75, 77 (Tex. Crim. App. 1998).

## C. Illegal Arrest

The Fourth Amendment to the Constitution of the United States guarantees that "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures, shall not be violated." The Fourth Amendment Exclusionary Rule is made applicable to the states through the due process clause of the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). Under the Fourth Amendment, a warrantless arrest for an offense committed in the officer's presence is reasonable if the officer has probable cause. *United States v. Watson*, 423 U.S. 411, 418 (1976).

Probable cause for a warrantless arrest exists if, at the time the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy

information are sufficient to warrant a prudent man to believe that the arrested person had committed or was committing an offense. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer, and it requires a consideration of the totality of the circumstances facing the arresting officer. *Id*. "An offense is deemed to have occurred within the presence or view of an officer when any of his senses afford him an awareness of its occurrence.*" State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002) (citing *Clark v. State*, 117 Tex. Crim. 153, 35 S.W.2d 420, 422 (1931)). "On a motion to suppress evidence, the defendant bears the initial burden of producing some evidence that rebuts the presumption of proper police conduct." *Abney v. State*, 394 S.W.3d 542, 547 (Tex. Crim. App. 2013). Once the defendant establishes that the seizure was without a warrant, the burden shifts to the state to prove the search was reasonable. *Amador*, 275 S.W.3d at 878.

In the hearing on a motion to suppress, the trial court is the sole finder of fact and judge of witness credibility. *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). At a suppression hearing, it may make reasonable inferences from the evidence presented. *Amador*, 275 S.W.3d at 878. We afford almost total deference to a trial court's express or implied determination of historical facts and review *de novo* the trial court's application of the law of seizure to those facts. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2000). We will sustain the trial court's ruling if it is supported by the record and is correct on any theory of law applicable to the case. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App.1990). We do not view motions to suppress in isolation, but in the context of the entire record. *Douds*, 472 S.W.3d at 674.

At the motion to suppress hearing, the state stipulated that the arrest was without a warrant,

thereby shifting the burden to the state to prove that there was probable cause for the arrest. After hearing the evidence and arguments, the trial court denied appellant's motion to suppress and did not issue any findings of fact or conclusions of law. It therefore implicitly found that the state had carried its burden of proving that Trooper Johnson had probable cause to believe that appellant had committed an offense in his presence. We review this decision to determine if the trial court abused its discretion.

In its brief to the court of appeals, the state offered facts to support an objective finding of probable cause by Trooper Johnson.

> An anonymous citizen-informant called authorities and reported that a possibly intoxicated person would soon be getting on the road in a white Pontiac.

> Trooper Johnson immediately corroborated some of the information when he found a white Pontiac at the reported location.

> Appellant was speeding.

> Appellant almost hit the guard-rail when he pulled onto the road's shoulder.

> Appellant told Trooper Johnson he had been drinking.

> Appellant's breath smelled of an alcoholic beverage.

The court of appeals erred in focusing on Trooper Johnson's statement that he had arrested appellant based upon the odor of alcohol on his breath. The court of appeals reasoned that to hold that the state had met its burden of proof "would require us to speculate on what other factors, if any, Trooper Johnson may have relied upon in arresting Appellant." *Clement v. State*, 461 S.W.3d 274, 282 (Tex. App.—Eastland 2015) (op. on orig. submission). Trooper Johnson's subjective intent is not relevant to a challenge based on the lack of probable cause, so what other factors he may have relied upon are immaterial. The issue is whether there were objective factors that created probable

cause for appellant's arrest and on which Trooper Johnson could have reasonably relied.

In this case, the dispatch did not identify the person who had reported that a possibly intoxicated person who was driving a white Pontiac had left a nearby Exxon station, but when Trooper Johnson arrived at the Exxon station, he observed a white Pontiac backing out of the parking lot. His observations verified the anonymous report as to the vehicle and its location.

Trooper Johnson followed the Pontiac and, because the vehicle was exceeding the posted speed limit, he had probable cause to stop it. Before the Pontiac stopped, Trooper Johnson observed driving that might indicate intoxication. Once the Pontiac was legally stopped, Trooper Johnson observed that appellant was the driver, that he emitted an odor of alcoholic beverage, and that he admitted to Trooper Johnson that he had been drinking. Those observations verified the report of a "possibly intoxicated" driver. We hold that Trooper Johnson had probable cause to arrest appellant and sustain the state's second issue.

## Conclusion

Although we find that appellant preserved his claim of illegal arrest for appellate review, we conclude that the court of appeals erred in its holding that appellant was illegally arrested. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Delivered: September 14, 2016
Do not publish